IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2557-S-BN |
| | § | |
| ENRIQUE LEBLANC SOTO, TRINITY EXPRESS, IGNACIO ISER, TEAM ISER TRUCKING CORP., YES 1 LOGISTICS LLC, Y&S TRUCKING LLC, ARIAN ROBERTO CARRERA ARCE, and ALL IN TRUCKING SERVICES INC., | § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding judge. *See* Dkt. No. 11. Plaintiff Maghsoud Taghavi has filed a motion for entry of default judgment against Defendant Y&S Trucking, LLC ("Y&S"). *See* Dkt. No 22. Defendant Y&S Trucking, LLC has not appeared through counsel, as required, or filed a response within the deadlines established by the Court.

For the reasons explained below, the Court should deny Plaintiff's motion for entry of default judgment against Y&S. [Dkt. No. 22].

**Background**

-1-

This case arises from a semi-truck collision. Plaintiff was driving a semi-truck with no trailer. Defendant Enrique Leblanc Soto d/b/a Trinity Express was driving a semi-truck with trailer in tow, which slammed into the rear of Plaintiff's truck while traveling at excessive speed. *See* Dkt. No. 2-2 at ¶ 13. Plaintiff was injured in the collision.

Plaintiff filed suit in state court on October 18, 2021, bringing claims for negligence, negligent entrustment, and gross negligence. *See* Dkt. No. 2-2. He alleges that, at the time of the collision, "Defendant Soto, upon information and belief, was an employee of Defendants Trinity Express, Y&S Trucking LLC, Yes 1 Logistics LLC, Ignacio Iser, and Team Iser Trucking." He also alleges that at the time and place of the collision, "Defendant Soto was operating a 2013 black Mack tractor, which upon information and belief, was owned by Defendants Ignacio Iser, Team Iser Trucking Corp., and Arian Roberto Carrera Arce, with trailer in tow, owned by Defendants Yes 1 Logistics LLC and Y&S Trucking LLC, and was operating the vehicle in furtherance of the business of Trinity Express, Ignacio Iser, Team Iser Trucking Corp., Yes 1 Logistics, Y&S Trucking LLC, Arian Roberto Carrera Arce, and All in Trucking Services, Inc."

And he alleges that Defendant Soto's "acts or omissions are imputed to Defendants Trinity Express, Ignacio Iser, Team Iser Trucking Corp., Yes 1 Logistics LLC, Y&S Trucking LLC, Arian Roberto Carrera Arce, and All in Trucking Services, Inc., under the doctrine repondeat superior." Dkt. No. 2-2 at ¶ 3 (cleaned up).

After filing its original answer, Yes 1 Logistics removed the case to this Court on the basis of diversity jurisdiction on October 18, 2021. *See* Dkt. No. 1. Plaintiff again requested service of citation on Y&S, this time by personal service. Y&S's sole member was served on January 17, 2022. *See* Dkt. No. 19 at 9.

Plaintiff filed a request for entry of default against Y&S on March 14, 2022, *see* Dkt. No. 19, and the Clerk entered default against Y&S on March 15, 2022*, see* Dkt. No. 20. Plaintiff then filed the motion for default judgment against Y&S. *See* Dkt. No. 22.

## Legal Standards

Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment when a defendant fails to answer or otherwise respond to a complaint within the time required by the Federal Rules of Civil Procedure and after the Clerk makes an entry of default. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

Before entering a default judgment, a court should consider any relevant factors. Such factors include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (internal citations omitted). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted).

In the Fifth Circuit, default judgments are disfavored, owing to its "policy in favor of resolving cases on the merits." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). That policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies

largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

## Analysis

Plaintiff has shown that there is jurisdiction over the subject matter and the parties. Yes 1 Logistics removed this case from state court on the basis of diversity jurisdiction. Plaintiff is a citizen of Texas, all Defendants are citizens of Florida, and the amount in controversy exceeds $75, 000, exclusive of interest and costs. *See* Dkt. No. 1 at 2-4.

Plaintiff has also satisfied some of the prerequisites for entering a default judgment against Y&S. Plaintiff properly served summons and complaint on Y&S. Y&S was served with citation through the Texas Secretary of State under the state's long-arm jurisdiction. *See* Dkt. No. 2-1, Dkt. No. 2-9, Dkt. No. 19 at 6-9; TEX. CIV. PRAC. & REM. CODE § 17.044(b). The Texas Secretary of State certified that it received citation on September 16, 2021, forwarded a copy by certified mail on September 24, 2021, and had received no response as of December 1, 2021. *See* Dkt. No. 2-9 at 2*;* Dkt. No. 19 at 6. Y&S is a limited liability corporation and, therefore, cannot be a minor, an incompetent person, or active in military service. *See* FED. R. CIV. P. 55(b)(2); 50 U.S.C. §§ 521(a), (b)(1)(A)-(B).

But that is not enough. The Court must also find sufficient basis in the pleadings for the judgment requested. *See Escalante v. Lidge,* ___ F.4th___, 2022 WL 1574690, at *4 (5th Cir. May 19, 2022)*; Nishamatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Court takes as true the facts asserted by a

plaintiff against a defaulting defendant. *See id.* The defendant, by its default, admits the plaintiff's well-pleaded allegations of fact. *See Escalante*, 2022 WL 1574690, at *4. That principle is firmly established, but it is not without limits. *See id.* Even when a defendant is in default, a plaintiff is not "'entitled to a default judgment as a matter of right.'" *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.'" *Id.* (quoting *Nishimatsu*, 515 F.2d at 1206). "A defaulting defendant is deemed to admit a plaintiff's factual allegations, but the district court still may inquire whether those allegations demonstrate legal liability." *Id.* at *1. Thus, even if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted. *See id.* at *4.

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful

in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).

Here, Plaintiff makes collective, almost identical allegations against all or groups of defendants. For purposes of this motion, the undersigned will sift through those allegations and consider them only as they pertain to Y&S.

To prevail on a negligence claim in Texas, a plaintiff must show: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

To prevail on a negligent entrustment claim, a plaintiff must show: (1) entrustment of the vehicle by its owner or custodian, (2) to an incompetent driver, (3) that the owner knew or should have known was unlicensed, incompetent, or reckless, (4) that the driver was negligent, and (5) the driver's negligence proximately caused the accident. *See Wright v. Weaver*, 516 F. App'x 306, 309 (5th Cir. 2013) (quoting *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)).

To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim and demonstrate clear and convincing evidence of an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014).

Plaintiff alleges Y&S owned the trailer in tow. *See* Dkt. No. 2-2 at ¶¶ 3, 34. Plaintiff alleges the driver was employed by Y&S and was pulling the trailer in tow in the furtherance of Y&S's business at the time of the collision. *See id.* at ¶¶ 3, 29(j), 44. Plaintiff lists specific, allegedly negligent acts or omissions by the driver and asserts that the driver's acts or omissions are imputed to Y&S under the doctrine of respondeat superior. *See id.* at ¶¶ 3, 29(j). Plaintiff alleges that Y&S failed to exercise ordinary care in hiring, training, supervising, and retaining the driver and that "[t]hese failures constitute a breach in the applicable standard of care and were a direct and proximate cause of" Plaintiff's injuries and damages. *Id.* at ¶ 29(k). Plaintiff also alleges that the driver's reckless, willful, and wanton disregard for safety standards demonstrates a conscious indifference to the rights, welfare, and safety of others, including himself. *See id.* at ¶ 29(k).

Plaintiff alleges Y&S negligently entrusted the trailer in tow to the driver, the trucking company, and the owners of the semi-truck, without properly training or supervising them about safety rules, general conduct, and operating rules that apply to the roadway. *See id.* at ¶ 43. Plaintiff alleges that the driver was a reckless driver at the time of the collision, that Y&S knew or should have known that the driver was a reckless driver, and that Y&S could have reasonably anticipated that entrusting the trailer in tow to a reckless driver would result in a collision causing injuries to other motorists. *See id.* at ¶¶ 44, 45.

Plaintiff alleges that Y&S's acts and omissions (presumably those of the driver imputed to Y&S), when viewed objectively at the time of the collision, involved an

extreme degree of risk, considering the probability and magnitude of the potential harm to others, constitute gross negligence. Plaintiff alleges that, despite the actual, subjective awareness of the risk involved, Y&S proceeded with conscious indifference to rights, safety, and welfare of others by disregarding the rules governing the safety and operation of motor vehicles and the rules of the road. Plaintiff also alleges Y&S is grossly negligent because there is no insurance for the semi-truck. *See id.* at ¶55.

All of Plaintiff's claims against Y&S hinge on an employer-employee relationship between the driver and Y&S. But Plaintiff's bare and conclusory allegations are too tenuous to raise a right to relief above the speculative level or amount to only conclusions of law that are not admitted to support a default judgment. *See Escalante*, 2022 WL 1574690, at *4,*9. Taking Plaintiffs allegations as true, at best Plaintiff alleges that the driver was pulling a tractor in tow owned by Y&S. Plaintiff pleads no specific facts from which the Court could infer that the driver was Y&S's employee or was negligently entrusted with the trailer in tow.

**Recommendation**

The Court should deny Plaintiff's Motion for Default Judgment against Y&S Trucking LLC [Dkt. No. 22].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE