

PLAINTIFF'S EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| ENRIQUE LEBLANC SOTO, | § | CASE NO. 3:21-CV-2557-S |
| TRINITY EXPRESS, | § | |
| IGNACIO ISER, | § | |
| TEAM ISER TRUCKING CORP., | § | |
| YES 1 LOGISTICS, LLC, | § | |
| Y&S TRUCKING, LLC, | § | |
| ARIAN ROBERTO CARRERA ARCE | § | |
| AND ALL IN TRUCKING SERVICES, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S UNOPPOSED FIRST AMENDED PETITION

COMES NOW, MAGHSOUD TAGHAVI, by and through counsel, and files Plaintiff's First Amended Petition against Defendants Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking Corp., Yes 1 Logistics, LLC, and Y & S Trucking, LLC.:

### I. DISCOVERY LEVEL

1.1     Plaintiff initially pled an intention to conduct discovery under Level 3 in accordance with Texas Rule of Civil Procedure 190. Plaintiff initially pled relief of over $1,000.000.00. Since the initial pleading, the matter was removed to this Court's jurisdiction in the United States District Court for the Northern District of Texas, Dallas Division by Defendant Yes 1 Logistics, LLC. A March 8, 2022 scheduling order was signed by this court and Plaintiff intends to conduct discovery in accordance with it along and with the Federal Rules of Civil Procedure and with applicable law.

## II. PARTIES

2.1     Plaintiff Maghsoud Taghavi is an individual who resides in Plano, Collin County, Texas.

2.2     Defendant Enrique Leblanc Soto is an individual nonresident of Texas who was properly served with process on September 17, 2021 via service on the Chairman of the Texas Transportation Commission and again the 10th day of December, 2021 by substituted service on his place of residence. At the time of the incident complained of herein, Defendant Enrique Leblanc Soto, per the Texas Certified Police Report produced as a result of the accident (hereinafter "police report"), was an employee of Y&S Trucking LLC and/or Team Iser Trucking Corporation. At the time and place of the incident complained of, Defendant Enrique Leblanc Soto was operating a 2013 black Mack tractor that per the police report was owned by Defendants Ignacio Iser, Team Iser Trucking Corp. and/or Y&S Trucking LLC. Per the police report, he was towing a trailer owned by Yes 1 Logistics, LLC. He was operating the vehicle in furtherance of the business of Ignacio Iser, Team Iser Trucking Corp., Y&S Trucking, LLC, and/or Yes 1 Logistics, LLC. Thus his acts or omissions are imputed to Defendants Ignacio Iser, Team Iser Trucking Corp. Y&S Trucking, LLC and/or Yes 1 Logistics LLC under the doctrine of respondeat superior and/or the statutory employer doctrine created by 49 U.S.C. § 14102, 49 C.F.R. § 376.12, *John b. Barbour Trucking Co. v. State*, 758 S.W.2d 684 (Tex. App. 1988), *Mata v. Andrews Transport, Inc*. 900 S.W.2d 363 (Tex. App. 1995), *Morris v. JTM Materials, Inc.,* 78 S.W.3d 28 (Tex. App. 2002), *Motloch v. Albuquerque Tortilla Co.*, 454 S.W.3d 30 (Tex. App. 2014) and/or other applicable law. To date, Defendant Enrique Leblanc Soto has not entered an answer.

2.3     Defendant Trinity Express is an entity that was served on September 10, 2021, and was dismissed by Plaintiff on November 11, 2021. Trinity Express is no longer a party to this matter.

2.4     Defendant Ignacio Iser is an individual nonresident of Texas who was served with process on December 9, 2021. To date, Defendant Ignacio Iser has not entered an answer.

2.5     Defendant Team Iser Trucking Corp. is a foreign corporation organized and existing under the laws of Florida. Defendant Team Iser Trucking Corp. was served on September 24, 2021. To date, Defendant Team Iser Trucking Corp. has not entered an answer.

2.6     Defendant Arian Roberto Carrera Arce is an individual nonresident of Texas who was served on October 8, 2021. Defendant Arian Roberto Carrera Arce has not entered an answer. However, at this time, Plaintiff does not believe that Arian Roberto Carrera Arce shares responsibility or has any relationship with respect to Plaintiff's claims or causes of action. Plaintiff therefore seeks to voluntarily dismiss Defendant Arian Roberto Carrera Arce from suit without prejudice. Plaintiff will no longer pursue any action against Defendant Arian Roberto Carrera Arce.

2.7     Defendant All in Trucking Services, Inc is a foreign corporation organized and existing under the laws of Florida that was served on September 16, 2021. Defendant All in Trucking Services, Inc., has not answered this suit. However, at this time, Plaintiff does not believe that All in Trucking Services, Inc. shares much responsibility or has much relationship with respect to Plaintiff's claims or causes of action. Plaintiff therefore seeks to voluntarily dismiss Defendant All in Trucking Services, Inc. from suit without prejudice. Plaintiff will no longer pursue any action against Defendant All in Trucking Services, Inc.

2.8     Defendant Y&S Trucking LLC is a foreign corporation that was served with process on January 17, 2022 by service upon its registered agent, Santos Hernandez. To date, no answer for Defendant Y&S Trucking, LLC has been entered.

2.9     Defendant Yes 1 Logistics, LLC is a foreign corporation organized and existing under the laws of Florida and has already made an appearance in this matter. Discovery is underway between Plaintiff and Defendant Yes 1 Logistics, LLC.

### III. JURISDICTION AND VENUE

3.1     This matter was initially filed in the County Court of Kaufman County, Texas, because a substantial part of the events or omissions giving rise to the claim occurred in Kaufman County.

3.1     Defendant Yes 1 Logistics noticed removal to this court on the basis of diversity jurisdiction. Jurisdiction is currently in the United States District Court for the Northern District of Texas.

### IV. STATEMENT OF FACTS

4.1     This lawsuit results from a semi-truck collision that occurred on January 21, 2020, at IH-20 near the 504-mile marker in Kaufman County, Texas. Defendant Enrique Leblanc Soto was driving eastbound in a 2013 Black Mack with trailer in tow, in the course and scope of his employment with Defendants Ignacio Iser, Team Iser Trucking Company, Y&S Trucking, LLC, and/or Yes 1 Logistics, LLC. At the same time, Plaintiff, Maghsoud Taghavi, was driving his 2013 White Freightliner semi-truck with no trailer. Defendant Soto was traveling directly behind Plaintiff Taghavi when suddenly and without warning Defendant Soto slammed into the rear of Plaintiff Taghavi's truck with <u>excessive speed</u>. This collision caused serious injuries to Plaintiff, including a torn meniscus and ACL, for which Plaintiff has now had two unsuccessful surgeries.

4.2     At the time of the collision, the tractor that was driven by Enrique Leblanc Soto was owned by Defendant Ignacio Iser, per the police report. According to Florida Secretary of State filings, Defendant Ignacio Iser is the treasurer of Team Iser Trucking Corp. Additionally, the

police report notes that with respect to the tractor that Defendant Soto was driving, the name of the carrier corporation was Y&S Trucking, LLC. Further, the police report notes a policy number of CP61092019 in effect to cover the Ignacio Iser/Y&S tractor that Defendant Soto was operating. Brooklyn Specialty Insurance Company has admitted in correspondence with Plaintiff, that the policy number of CP61092019 covers Y&S Trucking, LLC. The trailer in tow operated by Defendant Soto was owned by Yes 1 Logistics, LLC, per the police report. Also, per the police report, the same policy number of CP61092019 is applicable to the trailer owned by Yes 1 Logistics, LLC. It is evident that Defendant Enrique Leblanc Soto was driving the tractor under an employment arrangement with Ignacio Iser and/or Team Iser Trucking Corp. who was himself operating by agreement with Y&S Trucking, LLC. The driver Soto's negligence therefore imputes liability upon Ignacio Iser, Team Iser Trucking Corp, Y&S Trucking, LLC, and Yes 1 Logistics, LLC via respondeat superior and/or the statutory employer doctrine since they either owned, managed, or leased the truck and because Soto's driving and employment arose out of that lease, ownership, or management.

## V. NEGLIGENCE

5.1   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

5.2   On the occasion in question, Defendant Enrique Leblanc Soto operated the tractor in a negligent manner and violated the duty of care owed to the Plaintiff to exercise ordinary care in the operation of a motor-vehicle, as follows:

   a.   In failing to yield the right of way in violations of TEX. TRANS. CODE § 545.152;

   b.   In failing to maintain a proper lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

   c.   In failing to control the operation of said vehicle;

  d.  In failing to avoid the incident in question;

  e.  In operating the vehicle in an unsafe manner;

  f.  By driving at a speed greater than reasonable and prudent under the circumstances then existing in violations of TEX. TRANS. CODE § 545.351; and

  g.  Other acts or negligence and/or negligence per se.

5.2 Defendant Enrique Leblanc Soto drove the vehicle at the time and on the occasion in question with willful or wanton disregard for the safety of others, in violation of the laws of the State of Texas, including TEX. TRANS. CODE §545.401.

5.3 Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of Plaintiff's injuries and damages listed below. As a result, the Plaintiff is entitled to recover such damages as may be awarded by the trier of fact, including punitive and exemplary damages. Plaintiff asserts punitive and exemplary damages as against all Defendants.

## VI.
## RESPONDEAT SUPERIOR/STATUTORY EMPLOYER DOCTRINE

6.1 At all times material to this lawsuit, Enrique Leblanc Soto was an employee of Ignacio Iser, Team Iser Trucking Corp, Y&S Trucking, LLC and/or Yes 1 Logistics, LLC. and was acting within the course and scope of that employment. Consequently, Ignacio Iser, Team Iser Trucking Corp, Y&S Trucking, LLC and/or Yes 1 Logistics, LLC is vicariously liable to Plaintiff for the negligent and/or negligent per se conduct of Enrique Leblanc Soto under the doctrine of respondeat superior and/or the statutory employer doctrine created by 49 U.S.C. § 14102, 49

C.F.R. § 376.12, *John b. Barbour Trucking Co. v. State*, 758 S.W.2d 684 (Tex. App. 1988), *Mata v. Andrews Transport, Inc*. 900 S.W.2d 363 (Tex. App. 1995), *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28 (Tex. App. 2002), *Motloch v. Albuquerque Tortilla Co.*, 454 S.W.3d 30 (Tex. App. 2014) and other applicable law.

## VII.
## NEGLIGENT HIRING/TRAINING/SUPERVISION/ENTRUSTMENT

7.1     Plaintiff would show that said collision made the basis of this lawsuit resulted from the negligence of Ignacio Iser, Team Iser Trucking Corp, Y&S Trucking, LLC, and/or Yes 1 Logistics, LLC. Such negligent and/or negligent *per se* acts or omission include, but are not limited to the following:

    a.  hiring and/or retaining Enrique Leblanc Soto, whom it knew or should have known was a reckless or incompetent driver;

    b.  entrusting a vehicle to Enrique Leblanc Soto, whom it knew or should have known was a reckless or incompetent driver;

    c.  failing to properly investigate Enrique Leblanc Soto's driving and employment history;

    d.  failing to properly train Enrique Leblanc Soto;

    e.  failing to properly supervise Enrique Leblanc Soto's driving activities;

    f.  failing to maintain the vehicle involved in the collision in proper working;

    g.  failing to properly repair the vehicle involved in the collision;

    h.  failing to properly inspect the vehicle involved in the collision in question; and

    i.  other acts of negligence and/or negligence *per se*.

7.2     One, some, or all of the foregoing acts and/or omissions or others on the part of Ignacio Iser, Team Iser Trucking Corp, Y&S Trucking, LLC and/or Yes 1 Logistics, LLC.

constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VIII.
## DAMAGES

8.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence per se of Defendants, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

8.2     Plaintiff respectfully requests that the trier of fact determine the amount of the damages and losses that he incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

 a. Physical pain and mental anguish;
 b. Disfigurement;
 c. Physical impairment;
 d. Medical care expenses;
 e. Loss of earning capacity; and
 f. Out-of-pocket economic losses.

## IX.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

9.1     Plaintiff claims interest in accordance with TEX. FINANCE CODE §304.001 *et seq.* and any other applicable law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff MAGHSOUD TAGHAVI prays that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover punitive or exemplary damages, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
**LUKE SCHAFFNER**
State Bar No. 24117208
E-Mail: lschaffner@linklawpc.com
**FELIPE B. LINK**
State Bar No. 24057968
E-Mail: flink@linklawpc.com
**LINK & ASSOCIATES**
10440 North Central Expy., Ste. 950
Dallas, Texas 75231
Telephone: (214) 214-3001
Facsimile: (214) 521-5871
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of November, 2022 a copy of the foregoing document was delivered via e-filing to all counsel of record.

_____
**LUKE SCHAFFNER**