IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2557-S-BN |
| | § | |
| ENRIQUE LEBLANC SOTO, | § | |
| TRINITY EXPRESS, IGNACIO | § | |
| ISER, TEAM ISER TRUCKING | § | |
| CORP., YES 1 LOGISTICS LLC, | § | |
| Y&S TRUCKING LLC, ARIAN | § | |
| ROBERTO CARRERA ARCE, and | § | |
| ALL IN TRUCKING SERVICES | § | |
| INC. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REQUIRING FILING UNDER N.D. TEX. L. CIV. R. 55.1 AND CLARIFYING EARLIER ELECTRONIC ORDER**

Northern District of Texas Local Civil Rule 55.1 provides that, "[i]f a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant."

The Court previously denied Plaintiff Maghsoud Taghavi's Motion for Default Judgment against Y&S Trucking LLC. *See* Dkt. No. 30.

Plaintiff Maghsoud Taghavi thereafter filed an amended complaint and alleged that Defendant Enrique Leblanc Soto was properly served with process on September 17, 2021 via service on the Chairman of the Texas Transportation Commission and

-1-

again the 10th day of December, 2021 by substituted service on his place of residence; Defendant Ignacio Iser was served with process on December 9, 2021; Defendant Team Iser Trucking Corp. was served on September 24, 2021; and Defendant Y&S Trucking LLC was served with process on January 17, 2022 by service upon its registered agent, Santos Hernandez; and that none of these four defendants have entered an answer this action. *See* Dkt. No. 40.

The Court now orders Plaintiff Maghsoud Taghavi to, by **Friday, March 24, 2023**, either (1) seek entry of default and file a motion for default judgment against Defendants Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking Corp., and Y&S Trucking, LLC or (2) file a written response to this order explaining why, if Plaintiff will not seek a default judgment against any or all of these defendants, the Court should not dismiss the action without prejudice as to the defendant or defendants against which Plaintiff will not move.

And, to clarify the Court's Electronic Order [Dkt. No. 67] entered earlier today (and the Court's statement in that order that no November 18, 2021 motion appears on the Court's docket), the Court is aware that Plaintiff's amended complaint explains that Defendant Trinity Express "was served on September 10, 2021, and was dismissed by Plaintiff on November 11, 2021" and "is no longer a party to this matter," Dkt. No. 40 at 2, and that Plaintiff's motion for leave explained that "Defendant Trinity Express was nonsuited in the Kaufman County Court at Law, prior to the removal of this action," Dkt. No. 37 at 2. And Defendant Yes 1 Logistics, LLC's December 14, 2021 First Amended Notice of Removal [Dkt. No. 7] explains that

"Plaintiff subsequently filed a Motion to Dismiss Without Prejudice as to Trinity Express" and attaches as Exhibit N a copy of Plaintiff's Motion to Dismiss Without Prejudice Against Defendant Trinity Express that was filed on November 18, 2021 in the state court.

But this case was removed from state court on October 18, 2021. *See* Dkt. No. 1. And, in the original Notice of Removal filed on October 18, 2021, Yes 1 Logistics, LLC reported that, "[p]ursuant to 28 U.S.C. § 1446(d), Defendant will notify the clerk of the court in the State Court Action of this removal and will give notice thereof to all adverse parties." Dkt. No. 1 at 4.

The Court has not located any filing reflecting when the state court was given notice of the removal. But 28 U.S.C. § 1446(d) provides that, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Consistent with Section 1446(d), a case cannot be in both the federal and state court at the same time – only one court has jurisdiction over the case at a time. *See Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 208 (5th Cir. 2018) ("As this court has noted, however, the effect of removal is to deprive the state court of an action properly before it. *[S]ee* 28 U.S.C. § 1446(d) (establishing that once a party files notice of removal with the state court, 'the State court shall proceed no further unless and until the case is remanded'). In other words,

removal divests the state court of jurisdiction and precludes any state-court/federal-court conflict. This is because: When a case begins in state court and is later removed to federal court, there are not concurrent proceedings. The removal action takes the case from the state court and places it in federal court. Because the state court no longer has jurisdiction over the case, there is no jurisdictional conflict for the law to avoid or resolve. Here, once Deutsche Bank removed the case to federal court, no state court retained jurisdiction over the property; there were no concurrent proceedings." (cleaned up)).

And "Fifth Circuit case law consistently suggests that the state court is divested of jurisdiction when the state court receives either actual or constructive notice of the removal," and "[t]he Fifth Circuit case law has been quite consistent in holding that the state court ceases to have jurisdiction when the state court is given notice." *Adame v. Echo Glob. Logistics, LLC*, No. 3:21-CV-1464-L, 2022 WL 272121, at *4 (N.D. Tex. Jan. 12, 2022) (cleaned up), *rep. & rec. adopted*, 2022 WL 270857 (N.D. Tex. Jan. 28, 2022). And another court in this circuit has explained that, "if the removing defendants provide notice to the plaintiffs of the removal, and the plaintiffs subsequently participate in state court proceedings, the court will presume that constructive notice of the removal to the state court was accomplished because the plaintiffs have a duty to advise the state court of the removal." *Turner v. GoAuto Ins. Co.*, No. CV 21-557-BAJ-RLB, 2021 WL 7210603, at *3 (M.D. La. Nov. 24, 2021), *rep. & rec. adopted*, 2022 WL 265873 (M.D. La. Jan. 28, 2022), *aff'd*, 33 F.4th 214 (5th Cir. 2022).

And, so, in the Fifth Circuit, "a removal is not effective until notice is given to the state court." *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986), But, once the state court had notice of the removal, "the state court lost its jurisdiction and removal was effected," and "any post-removal filing in the state court is void because the case was no longer pending there," *Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2016 WL 5815892, at *7 (N.D. Tex. Oct. 5, 2016) (cleaned up); *accord BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021) ("To remove a case, a defendant must comply with 28 U.S.C. § 1446. Essentially, that statute requires the defendant to provide affected parties and courts with a notice stating its grounds for removal. §§ 1446(a), (d). The combination of these actions 'effect[s] the removal.' § 1446 (d)."); *Roman Catholic Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) ("Once a notice of removal is filed, 'the State court shall proceed no further unless and until the case is remanded.' 28 U. S. C. § 1446(d). The state court los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not ... simply erroneous, but absolutely void. .... [W]e have held that a removing party's right to a federal forum becomes 'fixed' upon filing of a notice of removal...." (cleaned up)); *Stevens v. Kimberly-Clark Corp.*, No. 3:20-cv-3731-S, 2021 WL 3232423, at *2 n.1 (N.D. Tex. July 29, 2021) (noting that, under 28 U.S.C. § 1446(d), "a notice of removal is effective as of the date it is filed in state court").

And "[t]he fact that [Yes 1 Logistics] filed a subsequent [supplemental or amended] Notice of Removal in this Court to correct a deficiency present in its original

notice has no bearing on this determination." *Mauer*, 2016 WL 5815892, at *7 (cleaned up).

Under Section 1446(d) and this authority interpreting and implementing it, if Yes 1 Logistics, LLC or Plaintiff gave the state court notice of the October 18, 2021 removal before Plaintiff filed the Motion to Dismiss Without Prejudice Against Defendant Trinity Express on November 18, 2021 in the state court, that post-removal filing in state court is void and had no effect.

To clarify and correct the Court's earlier Electronic Order [Dkt. No. 67], then, Plaintiff Maghsoud Taghavi's counsel is directed to confer with Enrique Soto's counsel Jazmine Pelayo and then, **by Friday, March 24, 2023**, file a status report with the Court explaining

  (a)   whether Plaintiff intends to continue to pursue this action against Ms. Pelayo's client Enrique Soto, who she reports is not the proper defendant, Enrique Leblanc Soto, and

  (b)   whether notice was given to the state court of the removal before or only after Plaintiff's filing on November 18, 2021 and, if the state court had notice before that filing (and therefore had lost its jurisdiction over this case), whether Plaintiff intends to continue to pursue this action against Defendant Trinity Express or will file a notice of dismissal without prejudice under Federal Rule of Civil Procedure 41(a).

SO ORDERED.

-7-

DATED: March 8, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE