IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2557-S-BN |
| | § | |
| ENRIQUE LEBLANC SOTO, | § | |
| TRINITY EXPRESS, IGNACIO | § | |
| ISER, TEAM ISER TRUCKING | § | |
| CORP., YES 1 LOGISTICS LLC, | § | |
| Y&S TRUCKING LLC, ARIAN | § | |
| ROBERTO CARRERA ARCE, AND | § | |
| ALL IN TRUCKING SERVICES | § | |
| INC. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 11.

Plaintiff Maghsoud Taghavi has filed a motion for default judgment against Defendants Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking Corporation and Y&S Trucking, LLC. *See* Dkt. No. 75.

For the reasons explained below, the Court should deny the motion for default judgment because Taghavi fails to satisfy all prerequisites for default judgment.

## Background

This case arises from a collision between two semi-trucks. Maghsoud Taghavi

was driving a Freightliner tractor on Interstate 20. Defendant Enrique Leblanc Soto was following him, driving a Mack tractor and hauling a trailer. Soto's truck slammed into the rear of Taghavi's truck. Soto was travelling at excessive speed when the collision occurred. *See* Dkt. No. 40 at 4-5.

Taghavi sustained serious injuries caused by the collision. *See id.*

Taghavi filed suit in state court. *See* Dkt. No. 2-2. Yes 1 Logistics filed an answer, *see* Dkt. No. 1, then removed the case to this Court based on diversity jurisdiction, *see* Dkt. Nos. 1, 7.

Most of the factual allegations in Taghavi's amended complaint are from the police report prepared after the collision. Taghavi alleges that at the time of the collision Soto was driving the tractor under an employment arrangement with Ignacio Iser and/or Team Iser Trucking; Iser and/or Team Iser Trucking were operating under an agreement with Y&S Trucking, the motor carrier; Ignacio Iser, Team Iser Trucking and/or Y&S Trucking owned the tractor Soto was driving and Y&S Logistics owned the trailer he was hauling; and Soto was operating the vehicle in the furtherance of the businesses of Ignacio Iser, Team Iser Trucking, Y&S Logistics, Inc. and/or Y&S Trucking.

In his amended complaint, Taghavi asserts a negligence claim against Soto. Taghavi claims Ignacio Iser, Team Iser Trucking, Y&S Trucking and Yes 1 Logistics, LLC are vicariously liable for Soto's negligent acts and omissions under the common-law doctrine of respondeat superior and the statutory employer doctrine. Taghavi also asserts claims against Iser, Team Iser Trucking, Y&S Trucking and

-2-

Y&S Logistics, Inc. for negligent hiring, training, supervision, and entrustment. *See* Dkt. No. 40.

Taghavi now seeks default judgment against Soto, Iser, Team Iser Trucking and Y&S Trucking.

**Legal Standards**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id*. The clerk will enter default

> when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*
>
> The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers,* 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

*Arch Ins. Co.*, 2013 WL 145502, at \*2-\*3.

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at \*3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.* Further, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Lindsey,* 161 F.3d at 893.

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

I.   The Court has subject matter jurisdiction and personal jurisdiction.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees. Taghavi is a Florida citizen and Yes 1 Logistics, Inc., which filed an answer before the case was removed and is the only defendant who has filed an answer, is incorporated under the laws of Florida and has its principal place of business in Florida. All other defendants are also Florida citizens. *See* Dkt. No. 1 (Notice of Removal); Dkt. No. 2-2 (Original Petition); Dkt. No. 7 (Amended Notice of Removal). Taghavi seeks damages in excess of $75,000. *See* Dkt. No. 2-2.

This court has personal jurisdiction over Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking and Y&S Trucking. "[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Taghavi alleges that this lawsuit arises out of Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking, and Y&S Trucking's contacts with Texas because the collision occurred in Texas and Soto was driving the trailer with tractor in tow in furtherance of the business of Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking, and/or Y&S Trucking when he collided with Taghavi's semi-truck in Texas.

II.  The procedural requirements for default judgment have been met.

Taghavi has satisfied the procedural prerequisites for default judgment against Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking, and Y&S Trucking.

Enrique Leblanc Soto was served with citation and a copy of the original petition through the Texas Transportation Commission under the long-arm statute for service on nonresident motor vehicle operators. *See* Dkt. No. 7 at 2-3; TEX. CIV. PRAC. & REM. CODE § 17.062. The Texas Department of Transportation certified that it received citation and a copy of the original petition on September 17, 2021, and forwarded a copy by certified mail to Enrique Leblanc Soto in Miami, Florida. *See*

Dkt. No. 9; Dkt. No. 75-1 at 4-5. According to the Texas Peace Officer's Report, Soto is not a minor. S*ee* Dkt. No. 75-1 at 7. A Department of Defense Status Report indicates Soto is not in military service. *See* Dkt. No. 75-1 at 6. There is no evidence in the record to suggest that Soto is an incompetent person.

Ignacio Iser was served via substitute service on December 9, 2021, by leaving the citation and a copy of the original petition at his residence address in Miami Florida. *See* Dkt. No. 8; Dkt. No. 75-1 at 24-28. Taghavi states that a Transunion/TLO search indicates that Iser is not a minor. See Dkt. No. 75 at 6 ¶2.14. A Department of Defense Status Report indicates Iser is not in military service. *See* Dkt. No. 75 at 29. There is no evidence in the record to suggest that Iser is an incompetent person.

Team Iser Trucking was served with citation and a copy of the original petition under the Texas Long Arm Statute. *See* Dkt. No. 8; Dkt. No. 75-1 at 31; TEX. CIV. PRAC. & REM. CODE § 17.044(b). The Texas Secretary of State certified that it received a copy of the citation and original petition on September 16, 2021, a copy was mailed to Team Iser Trucking on September 24, 2021, and as of December 1, 2021, no response had been received. *See id.* Since Team Iser Trucking is a corporation, it cannot be a minor, incompetent person, or in military service.

Y&S Trucking was served with citation and a copy of the original petition under the Texas Long Arm Statute. *See* Dkt. No. 7; Dkt. No. 75-1 at 30; TEX. CIV. PRAC. & REM. CODE § 17.044(b). The Texas Secretary of State certified that it received a copy of the citation and original petition on September 16, 2021, a copy

was mailed to Y&S Trucking on September 24, 2021, and as of December 1, 2021, no response had been received. it had not received a response had been received. *See id.* Since Team Iser Trucking is a limited liability corporation, it cannot be a minor, incompetent person, or in military service.

Defendants Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking and Y&S Trucking did not file answers or other responsive pleadings.

The Clerk of Court made entry of default as to Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking and Y&S Trucking on May 2, 2023. *See* Dkt. No. 105.

III.     <u>Taghavi does not address the other prerequisites for default judgment.</u>

Taghavi does not address whether there is sufficient basis in the pleadings for default judgment against Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking and Y&S Trucking or any other relevant factors the Court should consider.

The Court must find sufficient basis in the pleadings for the judgment requested. The Court takes as true the facts asserted by a plaintiff against a defaulting defendant. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). The defendants, by their default, admit the plaintiff's well-pleaded allegations of fact. *See id.* That principle is firmly established, but it is not without limits. *See id.* Even when a defendant is in default, a plaintiff is not "'entitled to a default judgment as a matter of right.'" *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A defaulting defendant is deemed to admit a

-8-

plaintiff's factual allegations, but the district court still may inquire whether those allegations demonstrate legal liability." *Id.* at 489. Thus, even if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted. *See id.* at 493.

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

"Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. (8)(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up)).

Likewise, as stated above, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable

neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

The Court should deny the motion for default judgment against Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking and Y&S Trucking because Soto fails to satisfy these additional requirements for default judgment.

**Recommendation**

Plaintiff's Motion for Default Judgment Against Enrique Leblanc Soto, Ignacio Iser, Team Iser Trucking Corp., and Y&S Trucking LLC [Dkt. No. 75] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE