IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2557-S-BN |
| | § | |
| ENRIQUE LEBLANC SOTO, | § | |
| TRINITY EXPRESS, IGNACIO | § | |
| ISER, TEAM ISER TRUCKING | § | |
| CORP., YES 1 LOGISTICS LLC, | § | |
| Y&S TRUCKING LLC, ARIAN | § | |
| ROBERTO CARRERA ARCE, and | § | |
| ALL IN TRUCKING SERVICES | § | |
| INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 11.

Plaintiff Maghsoud Taghavi has filed two Federal Rule of Civil Procedure 37(b) motions for sanctions against Defendant Yes 1 Logistics, LLC. *See* Dkt. No. 69 (Plaintiff's Rule 37(b) Motion for Sanctions against Defendant Yes 1 Logistics, LLC); Dkt. No. 108 (Plaintiff's Motion to Strike the Pleadings of Defendant Yes 1 Logistics, LLC).

Yes 1 filed responses to both motions. *See* Dkt. Nos. 93, 109.

Taghavi did not file replies, and the time to do so has passed. *See* N.D. TEX. L.

CIV. R. 7.1.

For the reasons explained below, the Courts grants in part and denies in part the motions for sanctions [Dkt. Nos. 69 & 108].

## Background

On January 16, 2023, Taghavi filed a motion to compel Yes 1's discovery responses, *see* Dkt. No. 44, and a motion to compel the deposition of Erick Ramos, *see* Dkt. No. 46.

The Court conducted a hearing on the motions on February 2, 2023.

On February 3, 2023, the Court entered an Electronic Order

granting in part [43] Defendant Yes 1 Logistics, LLC's Motion to Compel the Deposition of Plaintiff Maghsoud Taghavi; granting in part [44] Plaintiff Maghsoud Taghavi's Motion to Compel Defendant Yes 1 Logistics, LLC's Discovery Responses; and denying [46] Plaintiff Maghsoud Taghavi's Motion to Compel the Deposition of Erick Ramos, Owner of Yes 1 Logistics, LLC.

Defendant Yes 1 Logistics, LLC's counsel has explained that "[o]ver the past year, defense counsel has made repeated attempts to contact Yes 1 Logistics, LLC via e-mail, written correspondence, telephone, and even through the use of a private investigator, but has been unsuccessful in making any contact."

During the February 2, 2023 oral argument, Defendant Yes 1 Logistics, LLC's counsel explained that he and his firm were hired to represent Defendant Yes 1 Logistics, LLC by an insurance carrier on a policy that covers Defendant Yes 1 Logistics, LLC in connection with this matter; that he and his firm have never had contact with any one associated with Defendant Yes 1 Logistics, LLC despite great efforts; that Erick Ramos appears on the insurance paperwork as Yes 1 Logistics, LLC's contact and registered agent; that, on the basis of that paperwork (which, along with the police report from the accident at issue, remains the only documentation that counsel has been able to locate), Defendant Yes 1 Logistics, LLC's counsel listed Erick Ramos in Defendant Yes 1 Logistics, LLC's initial disclosures as Yes 1 Logistics,

LLC's owner; that public records suggest that Yes 1 Logistics, LLC went out of business in July 2021; and that counsel and his firm still represent and are defending Defendant Yes 1 Logistics, LLC against Taghavi's claims and will continue to do so to the best of their abilities.

From the Court's perspective at this point, that closes the issue of who counsel represents in this matter. But counsel's lack of contact with anyone at Yes 1 Logistics, LLC has other consequences.

For one, for the reasons that Taghavi's Motion to Compel Defendant Yes 1 Logistics, LLC's Discovery Responses persuasively lay out, the responses to Taghavi's Interrogatories and Requests for Production are deficient.

The interrogatory answers are not verified by Yes 1 Logistics, LLC and, in answering 7 of the 12 interrogatories, state only that the answer will be supplemented. Federal Rule of Civil Procedure 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and Federal Rule of Civil Procedure 33(b)(5) requires that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." FED. R. CIV. P. 33(b)(3), 33(b)(5). "Answers to interrogatories must be written, and signed under oath by the party to whom the interrogatories were directed -- not his or her attorney." Crum & Forster Specialty Ins. Co. v. Explo Sys., Inc., No. 12-3080, 2015 WL 7736650, at *3 n.7 (W.D. La. Nov. 30, 2015) (cleaned up).

Defendant Yes 1 Logistics, LLC has not fully answered Taghavi's interrogatories by "pull[ing] together a verified answer by reviewing all sources of responsive information reasonably available to [them] and providing the responsive, relevant facts reasonably available to" it. Lopez v. Don Herring Ltd., 327 F.R.D. 567, 579 (N.D. Tex. 2018) (cleaned up). And a party cannot use "the duty to supplement as an excuse to provide incomplete discovery responses." Jones v. Am. Sec. Ins. Co., No. CV 10-653-RET-SCR, 2011 WL 13214237, at *1 (M.D. La. Apr. 18, 2011).

The Court orders Defendant Yes 1 Logistics, LLC to, by Friday, March 3, 2023, serve on Plaintiff Maghsoud Taghavi's counsel complete answers to Interrogatory Nos. 1-12 with the verification and signature of agent or officer of Yes 1 Logistics, LLC making the responses, in compliance with Federal Rule of Civil Procedure 33's requirements, see Lopez, 327 F.R.D. at 579-81.

The responses to Taghavi's requests for production generally state only that no responsive documents have been located. But Federal Rule of Civil Procedure 34(a)(1) provides that "[a] party may serve on any other party a request within the scope of [Federal Rule of Civil Procedure] 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information; or (B) any designated tangible things." FED. R. CIV. P. 34(a). In response to a Federal Rule of Civil Procedure 34(a)(1) request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). And, "[i]n responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, FED. R. CIV. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." Lopez, 327 F.R.D. at 578 (cleaned up).

The Court orders Defendant Yes 1 Logistics, LLC to, by Friday, March 3, 2023, serve on Plaintiff Maghsoud Taghavi's counsel complete written responses to Plaintiffs' First Requests for Production and produce all unproduced, non-privileged documents and electronically stored information that are responsive to Plaintiffs' First Requests for Production and that are in Defendant Yes 1 Logistics, LLC's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, as explained above and laid out in VeroBlue Farms USA Inc. v. Wulf, ___ F.R.D. ___, No. 3:19-cv-764-X, 2021 WL 5176839, at *6-*9 (N.D. Tex. Nov. 8, 2021), and Lopez, 327 F.R.D. at 575-79.

. . .

As the Court discussed with counsel during oral argument, the Court also cannot at this time compel the deposition of Erick Ramos, Owner of Defendant Yes 1 Logistics, LLC. Federal Rule of Civil Procedure "37(a) does not, by its terms, address a motion to compel a party or non-party to appear for a deposition. The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Federal Rule of Civil Procedure 37(d)(1)(A) if and when the

deponent fails to appear. See generally Robinson v. Dallas Cty. Cmty. Coll. Dist., No. 3:14-cv-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016)." Halcyon Thruput, LLC v. United Nat'l Ins. Co., No. 3:21-cv-3136-K, 2022 WL 5250287, at *2 (N.D. Tex. Oct. 6, 2022) (cleaned up). The Court denies [46] Plaintiff Maghsoud Taghavi's Motion to Compel the Deposition of Erick Ramos, Owner of Yes 1 Logistics, LLC without prejudice to Taghavi's properly noticing Erick Ramos (if a subpoena is not required -- see Mercury Luggage Mfg. Co. v. Domain Prot. LLC, No. 3:19-cv-1939-M, 2021 WL 2515753, at *2 (N.D. Tex. June 18, 2021); Harrison v. Wells Fargo Bank, N.A., No. 3:13-cv-4682-D, 2016 WL 1392332, at *7-*8 (N.D. Tex. Apr. 8, 2016)) or a Federal Rule of Civil Procedure 30(b)(6) corporate representative of Yes 1 Logistics, LLC and, if the properly noticed deponent fails to appear, seeking relief under Rule 37(d)(1).

Dkt. No. 56 (the "Discovery Order").

On March 2, 2023, Taghavi noticed the deposition of Yes 1's corporate representative for April 6, 2023. *See* Dkt. No. 63.

On March 3, 2023, Yes 1 provided supplemental interrogatory answers and responses to requests for production.

On March 20, 2023, Taghavi filed a Rule 37(b) Motion for Sanctions. *See* Dkt. No. 69. Taghavi complains that Yes 1's supplemental interrogatory answers are not verified and signed by an agent or officer of Yes 1 Logistics, LLC making the responses, as the Discovery Order requires. Taghavi also complains that Yes 1 has not exercised due diligence and that the supplemental responses to requests for production – which state that "Defendant's counsel has not been able to locate any responsive documents at this time" – are not "complete written responses." Dkt. No. 69 at 5.

Taghavi argues the appropriate sanction would be default judgment against

Yes 1.

In response, Yes 1's counsel explained why they could not comply with the

Court's order:

> While the accident in question occurred on January 21, 2020, Yes
> 1 Logistics, LLC went out of service as of July 27, 2021. The only
> contact previously associated with Yes 1 Logistics, LLC was a man by
> the name of Erick Ramos. As previously noted, defense counsel for Yes
> 1 Logistics has made repeated attempts to contact Erick Ramos through
> email, written correspondence, telephone calls and even through the
> use of a private investigator. Despite multiple attempts, defense
> counsel has not been successful in making any contact with Erick
> Ramos. As a result, Yes 1 Logistics, LLC is no longer an operating
> entity and does not have the ability to obtain information from Erick
> Ramos who is the one individual who would have possession of
> information and documents which forms the basis of Plaintiff's motion
> herein. Erick Ramos is not a defendant in this action and Yes 1
> Logistics, LLC has been unable to obtain the information sought by
> Plaintiff from any other source. Yes 1 Logistics, LLC further went to the
> time and expense of having Erick Ramos served with a subpoena to
> appear for his deposition on April 6, 2023 in Miami, Florida.
> Unfortunately, Erick Ramos did not appear in response to the
> subpoena. As a result, Yes 1 Logistics, LLC has exhausted all efforts it
> could possibly make in obtaining the information sought by the
> Plaintiff.

Dkt. No. 93 at 3.

Yes 1 submitted the Declaration of Alan Moore dated April 10, 2013, to

support its responses. *See* Dkt. No. 93 at 22-23; Dkt. No. 95 at 16-17; *see also* Dkt.

No. 110 at 16-17 (same). Mr. Moore, an attorney of record for Yes 1, explains that

> [c]ounsel for Defendant Yes 1 Logistics, LLC represents Yes 1 Logistics,
> LLC only. Defense counsel does not represent Erick Ramos who
> formerly operated Yes 1 Logistics, LLC and has no control over same.
> Over the past year, defense counsel has made repeated attempts to
> contact Erick Ramos via e-mail, written correspondence, telephone, and
> even through the use of a private investigator, but has been
> unsuccessful in making any contact.

-6-

Dkt. No. 95 at 22; Dkt. No. 95 at 16; *see also* Dkt. No. 110 at 16 (same).

Yes 1 also submitted a United States Department of Transportation document showing that Yes 1 went out-of-service on July 27, 2021. *See* Dkt. No. 93 at 19; Dkt. No. 95 at 13; *see also* Dkt. No. 110 at 13 (same).

Although Yes 1 acknowledges that it was noncompliant with the Court's Discovery Order, it argues that sanctions are inappropriate because "it is difficult to conceive of any scenario where Yes 1 would be culpable to Plaintiff. Yes 1 Logistics, LLC is simply noted on the crash report as being the owner of the trailer being hauled by Soto's and Y&S Trucking's tractor." Dkt. No. 93 at 4 (citing to the Certified Texas Peace Officer's Crash Report prepared by Officer Carlos Nava [Dkt. No. 93 at 9-13] and excerpts from Officer Nava's deposition [Dkt. No. 93 at 14-18]); *see also* Dkt. No. 109 at 4 (same); Dkt. No. 95 at 3-7, Dkt. No. 110 at 3-7 (Report); Dkt. No. 95 at 14-18, Dkt. No. 110 at 8-17 (Deposition Excerpts).

Yes 1 also argues that sanctions are inappropriate because Taghavi has not submitted evidence of substantial prejudice, Yes 1's conduct was not willful, and granting the harsh sanctions that Taghavi seeks would create jury confusion and prejudice.

Yes 1 asks – in the alternative, if the Court determines that sanctions should be assessed against Yes 1 – that the Court impose lesser sanctions than the default judgment Taghavi suggests. Yes 1 suggests an appropriate alternative sanction would be to preclude Yes 1 from asserting Taghavi was contributorily negligent or

submitting jury issues as to Taghavi's negligence or an apportionment of damages including Taghavi's percentage of responsibility for the accident.

On April 6, 2023, no corporate representative of Yes 1 appeared for deposition. Taghavi obtained a certificate of non-appearance. *See* Dkt. No. 108-1 at 29-33.

On June 6, 2023, Taghavi filed a Rule 37(b) Motion to Strike Yes 1's Pleadings. *See* Dkt. No. 108. Taghavi repeats his prior complaints about Yes 1's supplemental interrogatory answers and responses to requests for production and adds a request for sanctions for Yes 1's failure to produce a corporate representative for deposition. Taghavi argues that the appropriate sanction would be to strike Yes 1's pleadings.

In its response, Yes 1 repeats its arguments concerning its failure to comply with the Court's Discovery Order concerning its supplemental interrogatory answers and responses to requests for production. As to its failure to provide a corporate representative for deposition, Yes 1 again states that it served Erick Ramos with a subpoena to appear for his deposition on April 6, 2023 in Miami, Florida but that he did not appear in response to the subpoena. *See* Dkt. No. 110 at 16-17 ¶3.

Yes 1 concludes by saying that "Yes 1 Logistics has literally exhausted every available option to obtain the information sought by Taghavi. If Yes 1 Logistics could produce the requested information, it would do so." Dkt. No. 109 at 7; *see also* Dkt. No. at 93 at 3.

## Legal Standards

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails

to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following:

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part;

    (vi)    rendering a default judgment against the disobedient party; or

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).

Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to

-9-

the appropriateness of the contested action.'" *S.E.C. v. Kiselak Capital Grp., LLC*, No. 4:09-cv-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (in turn quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). "The burden rests on the party who failed to comply with the order to show that an award of attorney's fees would be unjust or that the opposing party's position was substantially justified." *Id.* at *3 (footnote omitted).

The undersigned has authority to enter a nondispositive order granting attorneys' fees or other nondispositive sanctions under Federal Rule of Civil Procedure 37(b) or denying a request for what might be considered a dispositive sanction. *See* 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37); *Siegel v. Compass Bank*, No. 3:18-cv-1023-X, 2021 WL 4498914, at *1 (N.D. Tex. Jan. 11, 2021) ("To determine whether a referred motion for sanctions is dispositive or non-dispositive, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) applies. To allow otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review." (cleaned up)); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the

magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)).

Rule 37(b)(2) "empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, Fed. R. Civ. P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (internal quotation marks omitted); *see also Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions.").

"The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith*, 685 F.3d at 488 (internal quotation marks omitted). "This discretion, however, is limited" based on the type of sanctions imposed. *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that its "caselaw imposes a heighted standard for litigation-ending sanctions (sometimes called 'death penalty' sanctions). For a lesser sanction, we broadly require the

district court to determine the sanctions are 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (cleaned up).

The sanction imposed should be the least severe sanction adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances. *See Smith*, 685 F.3d at 488-90.

And the Fifth Circuit recently repeated its guidance that, "to levy a litigation-ending sanction for a discovery violation, the court must make four findings. *First*, the violation reflects bad faith or willfulness. *Second*, the client, not counsel, is responsible for the violation. *Third*, the violation substantially prejudiced the opposing party. *Fourth*, a lesser sanction would not substantially achieve the desired deterrent effect." *Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 454 (5th Cir. 2022) (cleaned up); *accord Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from wilfullness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction." (footnote omitted)); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) ("[D]ismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply.").

But "[l]esser sanctions do not require a finding of willfulness." *Smith*, 685 F.3d at 488. "Of course, the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," but "the lack of willful, contumacious, or prolonged misconduct [does not] prohibit[] all sanctions." *Chilcutt*, 4 F.3d at 1322 n.23. Even where a party was "unable to comply with the discovery requests, the district court still ha[s] broad discretion to mete out a lesser sanction than dismissal." *Id.* (emphasis omitted).

That is because "the type of conduct displayed by a party had no bearing on whether sanctions should be imposed, but only on the type of sanctions imposed," and "[t]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply." *Id.* (internal quotation marks and emphasis omitted).

Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

Federal Rule of Civil Procedure 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under [Federal Rule of

Civil Procedure] 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i).

"A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." FED. R. CIV. P. 37(d)(2).

"Rule 37(d) sanctions are available without a prior court order" and "may include any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)," and, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3); *Nguyen v. Louisiana State Bd. of Cosmetology*, No. CV 14-80-BAJ-RLB, 2016 WL 67731, at *1 (M.D. La. Jan. 5, 2016).

## Analysis

I.   <u>Yes 1 failed to comply with the Discovery Order.</u>

A.   <u>Supplemental Answers to Taghavi's Interrogatories</u>

The Court's Discovery Order required "Defendant Yes 1 Logistics, LLC to, by Friday, March 3, 2023, serve on Plaintiff Maghsoud Taghavi's counsel complete answers to Interrogatory Nos. 1-12 with the verification and signature of agent or officer of Yes 1 Logistics, LLC making the responses, in compliance with Federal Rule of Civil Procedure 33's requirements." Dkt. No. 56.

Yes 1's supplemental interrogatory answers are either "[b]ased [on the] currently available information" – presumably the accident report, the officer's deposition testimony, and one public USDOT document, because those are the only documents mentioned – or state "this information is currently unknown to counsel for Defendant." Dkt. No. 69-2.

But there is no verification and signature of an agent or officer of Yes 1 making the responses. *See id.* And, so, Yes 1's supplemental interrogatory answers do not comply with the Discovery Order. *See* Dkt. No. 56.

Federal Rule of Civil Procedure 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and Federal Rule of Civil Procedure 33(b)(5) requires that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." FED. R. CIV. P. 33(b)(3), 33(b)(5). Federal Rule of Civil Procedure 33(b)(1) provides that "interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1). And Federal Rule of Civil Procedure 33(c) provides: "An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." FED. R. CIV. P. 33(c).

"Answers to interrogatories must be written, and signed under oath by the party to whom the interrogatories were directed – not his or her attorney." *Crum & Forster Specialty Ins. Co. v. Explo Sys., Inc.*, No. 12-3080, 2015 WL 7736650, at *3

n.7 (W.D. La. Nov. 30, 2015) (emphasis in original omitted). And, as other judges in this circuit have explained, "[t]he requirement that a party sign his interrogatory answers under oath is critical." *Jordan v. ENSCO Offshore Co.*, No. CV 15-1226, 2016 WL 3049565, at *8 (E.D. La. May 23, 2016) (cleaned up).

"The purpose of requiring sworn responses is to bind the entity to its answers." *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. CV 13-373-SDD-EWD, 2017 WL 2825925, at *11 (M.D. La. June 30, 2017). "If interrogatory responses are not signed by the party but only by the party's attorney, the responses are unsworn, unverified, and amount only to statements of counsel. Such interrogatory responses are not admissible evidence at trial." *Jordan*, 2016 WL 3049565, at *8 (footnote omitted).

B. Supplemental Responses to Taghavi's Requests for Production

Yes 1's supplemental responses to each of Taghavi's requests for production states that "Defendant's counsel has not been able to locate any responsive documents at this time." Dkt. No. 69-2.

Taghavi argues these are not "complete written responses," as required by the Discovery Order. The Court agrees.

"'In responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) (cleaned

up).

Rule 34 requires the party, not its counsel, to make reasonable inquiry and exercise due diligence. And the Court's Discovery Order required "Defendant Yes 1 Logistics, LLC to, by Friday, March 3, 2023, serve on Plaintiff Maghsoud Taghavi's counsel complete written responses to Plaintiffs' First Requests for Production and produce all unproduced, non-privileged documents and electronically stored information that are responsive to Plaintiffs' First Requests for Production and that are in Defendant Yes 1 Logistics, LLC's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements." Dkt. No. 56.

The Court cannot determine from the supplemental responses that either Yes 1 or its counsel did so. And, so, Yes 1's supplemental responses do not comply with the Discovery Order. *See id.*

II.   Yes 1 failed to provide a corporate representative for deposition.

In its Discovery Order, the Court denied Taghavi's motion to compel the deposition of Erick Ramos "without prejudice to Taghavi's properly noticing Erick Ramos (if a subpoena is not required) … or a Federal Rule of Civil Procedure 30(b)(6) corporate representative of Yes 1 Logistics, LLC and, if the properly noticed deponent fails to appear, seeking relief under Rule 37(d)(1)." Dkt. No. 56 (citations omitted). Federal Rule of Civil Procedure 30(b)(6) provides: "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named

-17-

organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6).

Taghavi noticed the deposition of Yes 1's corporate representative for April 6, 2023 via Zoom. *See* Dkt. No. 63. Taghavi's notice provided that "[t]he matters for examination relate to:

1.  The motor vehicle collision that is the basis of this suit, the extent of Yes 1 LLC's involvement, and any investigation of the incident.

2.  Yes 1 LLC's discovery responses in this suit and the documents it has produced and/or failed to produce in response to Plaintiff's discovery requests.

3.  The relationship between Yes 1 Logistics, LLC and any of the other co-defendants in this matter and its impact on the motor vehicle accident giving rise to this suit.

4.  Other individuals in the organization.

5.  Any agreements made by or on behalf of Yes 1 Logistics, LLC that relate to the co-defendants in this matter.

-18-

*Id.* at 1-2.

On April 6, 2023, no corporate representative of Yes 1 appeared for deposition, and Taghavi obtained a certificate of non-appearance. *See* Dkt. No. 108-1 at 29-33.

Because Yes 1 did not produce a Rule 30(b)(6) corporate representative for deposition after being served with proper notice, Yes 1 is subject to sanctions under Rule 37(d)(1)(A)(i).

III.   Sanctions

Yes 1 does not dispute that its supplemental interrogatory answers and responses to requests for production did not comply with Court's Discovery Order.

Yes 1 also acknowledges that it did not provide a corporate representative for deposition, and the Court's Discovery Order noted that Taghavi could seek relief under Rule 37(d)(1) if he properly noticed the deposition of a corporate representative of Yes 1 Logistics, LLC and the properly noticed deponent fails to appear.

As the Court explained before, Yes 1's counsel "represent and are defending Yes 1 Logistics, LLC against Taghavi's claims" and have stated that they "will continue to do so to the best of their abilities." Dkt. No. 56. And it appears that they have done so in discovery.

But that does not change that – based on "counsel's lack of contact with anyone at Yes 1 Logistics, LLC," *id.* – Yes 1's discovery responses have failed to comply with the Federal Rules' requirements and violated the Court's Discovery Order. That this is not Yes 1's counsel's fault – insofar as counsel attest that they

have done all that they can do – is neither here nor there because Taghavi is not seeking – and the Court is not considering – sanctions under Rules 37(b) and 37(d) against counsel but rather against Defendant Yes 1 Logistics, LLC itself.

And counsel's professed best efforts under the circumstances do not make sanctions against Yes 1 inappropriate where Taghavi is, through no fault of his own, being denied discovery that he needs to pursue his claims.

Likewise, the Court will not deny sanctions based on Yes 1's assertions that it cannot be liable to Taghavi on his claims based only on Yes 1's counsel's views of the merits derived from the accident report, the officer's deposition testimony, and one public USDOT document. Taghavi's discovery seeks to investigate and substantiate his claims against Yes 1 based on documents and testimony that go beyond those limited sources, and Yes 1 has failed to provide it. Yes 1 should not be rewarded for its counsel's being unsuccessful in making any contact with any one associated with Defendant Yes 1 Logistics, LLC, despite great efforts, with the Court's denying sanctions, leaving Taghavi in this disadvantaged position as to trying the merits of his claims.

But any sanction under Rules 37(b) and 37(d) should be a remedy suited to the misconduct and, short of litigation-ending sanctions, must be just and related to the particular claim that was at issue in the order to provide discovery. And any remedy imposed should be the least severe sanction adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances.

The discovery requests at issue here in the Discovery Order and the topics for

testimony in the Rule 30(b)(6) deposition notice relate to Taghavi's claims against Yes 1 for Negligence and Negligent Hiring/Training/Supervision/Entrustment. *See* Dkt. Nos. 40, 63. 69-2. Specifically, the discovery requests and Rule 30(b)(6) deposition topics covered:

1.  The extent of Yes 1 Logistics, LLC's involvement in the motor vehicle collision that is the basis of this suit. (Topic No. 1)

2.  The investigation of the accident and any accident-related reports. (Request for Production Nos. 15-17, 44, 52-55, 67-69, 82-85, 94, 107; Topic No. 1)

3.  The relationship between Yes 1 Logistics, LLC and any of the other co-defendants in this matter and its impact on the motor vehicle accident giving rise to this suit. (Interrogatory Nos. 2-6; Topic No. 3)

4.  Any agreements made by or on behalf of Yes 1 Logistics, LLC that relate to the co-defendants in this matter or the trailer and trip involved in the accident. (Request for Production Nos. 8-14, 45-47, 56-57, 86-88; Topic No. 5)

5.  The status and members or employees and corporate and tax filings of Yes 1 Logistics, LLC. (Interrogatory No. 1; Request for Production Nos. 58, 90-92, 95-96; Topic No. 4)

6.  The safety record of Yes 1 Logistics, LLC. (Interrogatory No. 7; Request for Production Nos. 51, 59-62, 64-65, 93)

7.  Safety, disciplinary, personnel, employment, criminal, and phone

records of, and a copy of the driver licenses and insurance policies of, Defendant Enrique Leblanc Soto. (Request for Production Nos. 36-38, 71-81, 89, 101, 108, 110-113)

8.   The actions that Yes 1 Logistics, LLC took on the day of the accident with regard to the trailer and the contents of, safety equipment on, safety tests or inspections of, and maintenance and use of the trailer. (Interrogatory Nos. 8, 9, 12; Request for Production Nos. 1, 35, 43, 102-104, 106)

9.   The education or training of Defendant Enrique Leblanc Soto provided by Yes 1 Logistics, LLC or otherwise. (Interrogatory No. 10; Request for Production Nos. 20-30)

10.   Documents reflecting Yes 1 Logistics, LLC's safety and hiring protocols, guidelines, and manuals. (Request for Production Nos. 31-34, 39-42, 49, 63, 70)

11.   Yes 1 Logistics, LLC's investigation into the background of the other defendants. (Interrogatory No. 11; Request for Production No. 75)

12.   Yes 1 Logistics, LLC's drivers' logs. (Request for Production Nos. 97-99)

13.   Computer equipment that Yes 1 Logistics, LLC used for dispatch and recordings of conversations between Defendant Enrique Leblanc Soto and the dispatcher for the trip in which the accident occurred and contact information for the dispatcher. (Request for Production Nos. 2-6)

14.    The Bill of Lading prepared for, and other documents reflecting or relating to, the route assigned to Defendant Enrique Leblanc Soto on the date of the accident. (Request for Production Nos. 7, 18-19, 100, 109)

15.    Contact information for all motor carriers with whom Yes 1 Logistics, LLC contracted for the year prior to the accident. (Request for Production No. 105)

*See* Dkt. Nos. 63 & 69-2.

Through these discovery efforts, Taghavi seeks to learn what role Yes 1 played in the accident and what relationship Yes 1 had to other defendants.

On the one hand, the Court cannot, for these purposes, just accept Yes 1's position that its "only involvement in the subject accident was its ownership of the trailer being hauled" and that "[d]iscovery sanctions should not be utilized to create liability where liability would otherwise never exist." Dkt. No. 109 at 5.

On the other hand, Taghavi does not point to anything to support his hope that – beyond its ownership of the trailer being hauled – Yes 1 had any involvement in the accident or any relationship with the other defendants.

That is in part the result of Taghavi's discovery efforts coming up largely empty as to Yes 1 – and the other defendants who have defaulted – but also in part dictated by the known facts surrounding the accident. As Taghavi has alleged in his amended complaint, "Defendant Enrique Leblanc Soto was operating a 2013 black Mack tractor that per the police report was owned by Defendants Ignacio Iser, Team

-23-

Iser Trucking Corp. and/or Y&S Trucking LLC," and, "[p]er the police report, he was towing a trailer owned by Yes 1 Logistics, LLC." Dkt. No. 40 at 2. And Taghavi alleges that "the police report notes that with respect to the tractor that Defendant Soto was driving, the name of the carrier corporation was Y&S Trucking, LLC" and that "a policy number of CP61092019 in effect to cover the Ignacio Iser/Y&S tractor that Defendant Soto was operating" and that "[t]he trailer in tow operated by Defendant Soto was owned by Yes 1 Logistics, LLC" and "the same policy number of CP61092019 is applicable to the trailer owned by Yes 1 Logistics, LLC." *Id.* at 4-5. Taghavi alleges that "[i]t is evident that Defendant Enrique Leblanc Soto was driving the tractor under an employment arrangement with Ignacio Iser and/or Team Iser Trucking Corp. who was himself operating by agreement with Y&S Trucking, LLC." *Id.* at 5.

The Court understands that Taghavi hopes to uncover more facts establishing a greater role of Yes 1 – the one defendant that has appeared and is being defended under an insurance policy – in the accident and in connection with the other defendants.

But, on these facts, imposing as sanctions a default judgment against Yes 1 – or an order (1) striking Yes 1's answer (likely leading to a default judgment against Yes 1) or (2) directing dispositive facts that would establish Yes 1's liability on Taghavi's claims, and that Taghavi only hoped that discovery might uncover, be taken as established (as Taghavi claims) for purposes of summary judgment or trial or (3) prohibiting Yes 1 from opposing Taghavi's claims at trial – would be excessive

under the circumstances for purposes of achieving the goals of compelling production of evidence, reimbursing Taghavi, and deterring Yes 1 and other potential violators of discovery orders.

Short of those possible sanctions, Rule 37(b)(2)(A)(ii) provides, in part, that "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders," including "prohibiting the disobedient party from supporting … designated … defenses, or from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2)(A)(ii).

Under this provision, the Court has discretion to exclude evidence based on a party's noncompliance with a discovery order. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The Fifth Circuit has set out a four-part test for the consideration of exclusion of evidence under Rule 37(b)(2)(A)(ii): "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the [evidence]; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of [the evidence]." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 390-91 (5th Cir. 2009).

"Defendant Yes 1 Logistics acknowledges that it has not been able to provide verification of its Interrogatory answers or produce numerous documents for the simple reason that it has not been able to communicate with the one individual who may potentially possess information and documents, Erick Ramos." Dkt. No. 93 at 5; Dkt. No. 109 at 5. Yes 1's explanation – through counsel – for its failure to comply with the Discovery Order relieves counsel of blame but does not justify forcing

Taghavi to fully bear the cost of counsel's inability to find and contact any one associated with Defendant Yes 1 Logistics, LLC.

Yes 1's admitted inability to produce many responsive and relevant documents has prejudiced Taghavi's ability to develop and prepare his negligence claims. And much of the evidence that Taghavi seeks is important to proving his claims. Without any report of prospects for Yes 1's counsel making contact with any one associated with Yes 1, the Court sees no possibility of curing the prejudice to Taghavi by granting a continuance.

But Yes 1 asserts that,

[a]s part of any trial of this action, the jury will be required to assess a percentage of responsibility as to each of [Defendants Ignacio Iser, Enrique Leblanc Soto and Y&S Trucking, LLC] and also Yes 1 Logistics, LLC if it is found negligent. In order for a jury to have a basis for apportioning responsibility between multiple Defendants, it must have some factual basis to support its findings. Granting Plaintiff the relief he seeks against Yes 1 Logistics, LLC would potentially preclude Yes 1 Logistics from presenting evidence as to the other Defendants' responsibility for this subject accident. It is difficult to imagine a scenario where a jury would have sufficient basis for apportioning responsibility between multiple Defendants without the ability to present the jury with basic facts underlying the circumstances of the subject accident and the conduct of the respective Defendants. Due process requires that Yes 1 Logistics, LLC be given the opportunity to submit evidence of not only the Defendants' negligence, but also extent of their responsibility for the accident.

Dkt. No. 93 at 7; Dkt. No. 109 at 7.

The Court agrees in part. Those considerations do cabin what Rule 37 sanction would "be 'just' … [and] specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie*

*des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

The Court finds that a just sanction in this instance is one that mitigates the prejudice to Taghavi from Yes 1's counsel's inability to even know what documents do or do not exist in Yes 1's possession, custody, or control. Under the unusual circumstances that the Court and the parties are facing, it would be unfair to allow Yes 1 to present certain testimony or documents as evidence on summary judgment or trial after serving supplemental responses to Taghavi's document requests that explain that "Defendant's counsel has not been able to locate any responsive documents at this time" and supplemental interrogatory answers that are only "[b]ased [on the] currently available information" or that state that the requested "information is currently unknown to counsel for Defendant." Dkt. No. 69-2.

Specifically, the Court imposes as a sanction under Rules 37(b)(2)(A)(ii) and 37(d)(1)(A)(i) an order that Defendant Yes 1 Logistics, LLC is prohibited from presenting testimony or documentary evidence regarding the following topics on which Taghavi has unsuccessfully sought discovery related to his negligence claims:

a)   The relationship between Yes 1 Logistics, LLC and any of the other co-defendants in this matter – except insofar as that evidence is consistent with Yes 1's supplemental interrogatory answers served to date;

b)   Agreements made by or on behalf of Yes 1 Logistics, LLC that relate to the co-defendants in this matter or the trailer and trip involved in the accident – other than the insurance documents that Yes 1 has already

produced;

c)      The organizational structure, members and employees (other than Erick Ramos), and corporate and tax filings of Yes 1 Logistics, LLC;

d)      The safety record of Yes 1 Logistics, LLC;

e)      The actions that Yes 1 Logistics, LLC took on the day of the accident with regard to the trailer and the contents of, safety equipment on, safety tests or inspections of, and maintenance and use of the trailer;

f)      Documents reflecting Yes 1 Logistics, LLC's safety and hiring protocols, guidelines, and manuals;

g)      Yes 1 Logistics, LLC's drivers' logs; and

h)      Computer equipment that Yes 1 Logistics, LLC used for dispatch and recordings of conversations between Defendant Enrique Leblanc Soto and the dispatcher for the trip in which the accident occurred and contact information for the dispatcher.

And, as Yes 1 itself alternatively proposes, the Court will, under Rules 37(b)(2)(A)(ii) and 37(d)(1)(A)(i), preclude Yes 1 from asserting that Taghavi was contributorily negligent or submitting jury issues as to Taghavi's negligence or an apportionment of damages that includes Taghavi's percentage of responsibility for the accident.

But the Court will not otherwise prohibit Yes 1 from maintaining and presenting its positions – and presenting testimony or documentary evidence – that:

1)      A tractor under the motor carrier authority of Y&S Trucking was

pulling a trailer owned by Yes 1 Logistics, LLC;

2)    Yes 1 Logistics, LLC denies that it hired, employed, trained, or compensated Enrique LeBlanc Soto or Ignacio Iser or that there was any relationship between Enrique LeBlanc Soto and Yes 1 Logistics, LLC;

3)    None of the other Defendants were in the course and scope of employment with Yes 1 Logistics, LLC; and

4)    Yes 1 Logistics, LLC is out of service, and that status was the result of the failure to pay a fine.

And, except as more specifically prohibited by the order laid out above, the Court will not prohibit Yes 1 from presenting testimony or documentary evidence related to the extent of Yes 1 Logistics, LLC's involvement in the motor vehicle collision that is the basis of this suit and the investigation of the accident and any accident-related reports or – if Yes 1's counsel later discovers information in this regard that it timely discloses to Taghavi's counsel – any safety, employment, or criminal records of Defendant Enrique Leblanc Soto.

Finally, under Rules 37(b)(2)(C) and 37(d)(3), the Court determines that Yes 1 has not shown that its failures to verify interrogatory answers or produce responsive documents or present a Rule 30(b)(6) corporate representative were substantially justified, and the Court finds that no other circumstances make an award of expenses unjust.

The Court will, under Rules 37(b)(2)(C) and 37(d)(3), require Defendant Yes 1

Logistics, LLC to pay Plaintiff Maghsoud Taghavi his reasonable attorneys' fees and costs incurred in preparing and filing his Rule 37(b) Motion for Sanctions against Defendant Yes 1 Logistics, LLC [Dkt. No. 69] and Motion to Strike the Pleadings of Defendant Yes 1 Logistics, LLC [Dkt. No. 108] and the appendix in support of each of these motions.

The Court directs Taghavi's counsel and Yes 1's counsel to confer by telephone or videoconference or in person about the reasonable amount of these attorneys' fees and costs to be awarded under Rules 37(b)(2)(C) and 37(d)(3), as specified above.

By no later than **Thursday, October 19, 2023**, the parties must file a joint report notifying the Court of the results of the conference. If all disputed issues as to the amount of attorneys' fees and costs to be awarded to Taghavi have been resolved, Taghavi's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **Thursday, October 19, 2023**.

If the parties do not reach an agreement as to the amount of attorneys' fees and costs to be awarded, Taghavi's counsel must, by no later than **Thursday, October 26, 2023**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees (as described above) to be awarded under Rules 37(b)(2)(C) and 37(d)(3). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the

reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).

If Taghavi files an application, Yes 1 must file a response by **Thursday, November 16, 2023**, and Taghavi must file any reply by **Thursday, November 30, 2023**.

## Conclusion

For the reasons and to the extent explained above, the Courts grants in part and denies in part the motions for sanctions [Dkt. Nos. 69 & 108].

SO ORDERED.

DATED: October 6, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE