IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-2557-S-BN |
| ENRIQUE LEBLANC SOTO, TRINITY EXPRESS, IGNACIO ISER, TEAM ISER TRUCKING CORP., YES 1 LOGISTICS LLC, Y&S TRUCKING LLC, ARIAN ROBERTO CARRERA ARCE, and ALL IN TRUCKING SERVICES INC. | § § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 11.

Yes 1 has filed a motion for summary judgment. *See* Dkt. No. 60. Plaintiff Maghsoud Taghavi filed a response, *see* Dkt. No. 94, and Yes 1 filed a reply, *see* Dkt. No. 98.

For the following reasons, the Court should grant the motion.

**Background**

This lawsuit arises from a motor vehicle accident between two semi-trucks.

In his amended complaint, Plaintiff Maghsoud Taghavi alleges he was

-1-

seriously injured when Defendant Enrique Leblanc Soto, who was driving a 2013 Black Mack with trailer in tow, suddenly, without warning, and travelling at excessive speed, slammed into the rear of the 2013 White Freightliner Taghavi was driving. *See* Dkt. No. 40 at ¶ 4.1. Taghavi also alleges that Soto was in the course and scope of his employment with Yes 1 and the other defendants when the collision occurred.

Taghavi asserts claims against Soto for negligence and against the other defendants under the doctrine of respondeat superior and the statutory employer doctrine. *See id* at 6-8; 49 U.S.C. § 14102; 49 C.F.R. § 376.12.

> 4.2 At the time of the collision, the tractor that was driven by Enrique Leblanc Soto was owned by Defendant Ignacio Iser, per the police report. According to Florida Secretary of State filings, Defendant Ignacio Iser is the treasurer of Team Iser Trucking Corp. Additionally, the police report notes that with respect to the tractor that Defendant Soto was driving, the name of the carrier corporation was Y&S Trucking, LLC. Further, the police report notes a policy number of CP61092019 in effect to cover the Ignacio Iser/Y&S tractor that Defendant Soto was operating. Brooklyn Specialty Insurance Company has admitted in correspondence with Plaintiff, that the policy number of CP61092019 covers Y&S Trucking, LLC. The trailer in tow operated by Defendant Soto was owned by Yes 1 Logistics, LLC, per the police report. Also, per the police report, the same policy number of CP61092019 is applicable to the trailer owned by Yes 1 Logistics, LLC. It is evident that Defendant Enrique Leblanc Soto was driving the tractor under an employment arrangement with Ignacio Iser and/or Team Iser Trucking Corp. who was himself operating by agreement with Y&S Trucking, LLC. The driver Soto's negligence therefore imputes liability upon Ignacio Iser, Team Iser Trucking Corp, Y&S Trucking, LLC, and Yes 1 Logistics, LLC via respondeat superior and/or the statutory employer doctrine since they either owned, managed, or leased the truck and because Soto's driving and employment arose out of that lease, ownership, or management.

Dkt. No. 40 at 4-5. He also asserts claims against all defendants except Soto for

negligent hiring, training, supervision and entrustment and negligently maintaining, repairing, or inspecting the truck. *See id.* at 7-8.

Yes 1 is the only defendant who has filed an answer or otherwise made an appearance in the case.

Yes 1 filed a motion for summary judgment, asserting that all of Taghavi's claims against it fail as a matter of law. In its summary of the argument, Yes 1 states that,

> [a]t issue here, are Plaintiff's vicarious, derivative and direct liability claims against YES 1 as owner not of the tractor driven by Soto, but the trailer attached thereto. To succeed thereon, Plaintiff must prove (1) that a relationship between YES 1 and Soto relative to the Accident existed sufficient to hold YES 1 responsible for Soto's negligence, if any; and/or (2) that an actionable failure by YES 1 in its hiring, training or supervising of Soto – as well as in its maintenance, repair or inspection of the equipment he was driving – proximately caused the Accident and injuries involved. There is, however, no evidence of any such facts, entitling Defendant YES 1 to summary judgment on Plaintiff's entire suit against [it].

Dkt. No. 60 at 1-2.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact]

could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial

and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at

1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of

material fact." *Scott*, 550 U.S. at 380 (cleaned up). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

## Analysis

Yes 1 contends that it is entitled to summary judgment as a matter of law

because there is no evidence of a relationship between Soto and Yes 1 or that Yes 1 was negligent in hiring, training, or supervising Soto, entrusting the truck to Soto, or maintaining, repairing, or inspecting the truck.

I. Respondeat Superior and Statutory Employee Doctrines and Negligent Hiring, Training, Supervision, Maintenance, Repair, or Inspection

The common-law doctrine of respondeat superior holds one person vicariously liable for the acts of another based solely on the relationship between them. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130-31 (Tex. 2018). Under the respondeat superior doctrine, "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

"Proving an employer's vicarious liability for a worker's negligent driving ... involves a two-step process." *Painter*, 561 S.W.3d at 138. The plaintiff has the burden of showing, at the time of the alleged conduct, that the worker (1) was an employee and (2) was acting within the course and scope of his employment. *See id.*

To prove his claim against Yes 1 under the doctrine of respondeat superior, Taghavi must produce evidence not only of an employer-employee relationship between Soto and Yes 1 but also that Soto was acting in the course and scope of that employment relationship when the collision occurred.

Alternatively, a motor carrier is vicariously liable for the negligence of its statutory employees. *See Hernandez v. Union Pac. R. R. Co.*, No. EP-17-7-FM, 2018

WL 4169328, at *3 (W.D. Tex. June 13, 2018) (citing *Gonzalez v. Ramirez*, 463 S.W.3d 499, 503 (Tex. 2015)). A driver is deemed the "statutory employee of the carrier, and through this constructive employment relationship, the carrier may be held vicariously liable for the negligence of its 'employee' the driver." *Id.* (quoting *Sharpless v. Sim*, 209 S.W.3d 825, 829 (Tex. App. – Dallas 2006, pet. denied)). A carrier is deemed the statutory employer of the driver when three conditions are met: (1) the motor carrier does not own the vehicle involved in the incident; (2) the carrier operates the vehicle under an arrangement with the owner to provide transportation subject to federal regulations; and (3) the motor carrier does not literally employ the driver. *See id.*

To prevail on his claim against Yes 1 under the statutory employee doctrine, Taghavi must provide evidence that (1) Yes 1 was the motor carrier and it did not own the vehicle Soto was driving at the time of the collision, (2) Yes 1 operated the vehicle under an arrangement with the vehicle owner to provide transportation subject to federal regulations, and (3) Yes 1 did not directly employ Soto.

To prevail on a claim for negligent hiring or supervision, the plaintiff must "establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff." *Noviello v. Holloway Funding Grp.*, No. 3:22-cv-52-BN, 2023 WL 128395, at *8 (N.D. Tex. Jan. 9, 2023) (quoting *Williams v. Hous. Corp. of Greater Houston*, No. CV H-14-2309, 2016 WL 5795136, at *11 (S.D. Tex. Sept. 16, 2016)). Direct causes of action asserting negligent hiring, training, and supervision are based on

the employer's own negligent conduct and not the employee's negligent conduct. *See Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009). To prevail on claims for negligent inspection, repair, and maintenance, a plaintiff must establish the elements of a standard negligence claim: duty, breach, causation, and damages. Thus, in an automobile collision case, a plaintiff must prove the defendant had a duty to maintain, repair or inspect the vehicle involved in the accident, it breached the duty and its failure to maintain, repair or inspect the vehicle resulted in or contributed to the accident. *See Perez v. Boecken*, No. SA-19-CV-000375-XR, 2020 WL 3452990, at *3 (W.D. Tex. June 23, 2020).

To prevail on his claims for negligent hiring, training, and supervision against Yes 1, Taghavi must produce evidence showing an employer-employee relationship between Yes 1 and Soto; Yes 1 was negligent in hiring, training, and supervising Soto; and therefore Yes 1, not Soto, committed an actionable tort against Taghavi. To prevail on his claims of negligent maintenance, repair or inspection, Taghavi must prove that Yes 1 had a duty to maintain, repair or inspect the vehicle Soto was driving at the time of the collision and that Yes 1's failure to maintain, inspect or repair the vehicle resulted in or contributed to the accident.

Yes 1 asserts that it was the trailer's owner on the day of the accident, not the entities employed or engaged in its use, and that Taghavi himself pleads only that Soto was driving the tractor under an employment arrangement with Ignacio Iser and/or Team Iser Trucking Corp., who was himself operating by agreement with Y&S, LLC.

Yes 1 contends that it is entitled to summary judgment on Taghavi's claim against Yes 1 under the doctrine of respondeat superior and the statutory employee doctrine because there are no specific facts pleaded or supported by any summary judgment evidence of any employment arrangement, operating agreement, or lease between Yes 1 and those alleged to have been responsible for the subject tractor-trailer's operation and use when the accident occurred on which to impose respondeat superior liability. And Yes 1 asserts that is entitled to summary judgment on Taghavi's claim against Yes 1 for negligent, hiring, training, and supervision because there is no evidence YES 1 (or anyone on its behalf) hired, trained, or supervised Soto at any time, for any purpose.

Taghavi responds that Yes 1 has not produced any evidence of its own and so, in "asserting that a fact cannot be … genuinely disputed," "must support the assertion by: … showing … that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). But, Taghavi asserts, "the evidence that Defendant states that Plaintiff is lacking, such as leasing or employment agreements (which would be relevant to defining the exact scope of the relationship among defendants) can only come from Defendant Yes 1 Logistics, LLC," and that, "instead of producing information and documents related to the agreements between Yes 1 Logistics, LLC and the other defendants, that evidence has been withheld by Yes 1 Logistics, LLC, even after this Court has ordered it." Dkt. No. 94 at 5.

According to Taghavi, where the United States Supreme Court "specifically

-11-

contemplated discovery as a pre-requisite to an appropriate entry of summary judgment" and "the Federal Rules of Civil Procedure proscribe severe penalties when a discovery order is not obeyed and when a party's officer fails to appear for deposition," "[i]f the Court follows Defendant's logic to its natural conclusion, the result would be unjust" and "would negate the purpose of the discovery rules in the Federal Rules of Civil Procedure." *Id.* at 4, 5. Taghavi asserts that, "[d]ue to its lack of participation in discovery, Defendant must be barred from defense of its claims, and Defendant's Motion for Summary Judgment must therefore be denied." *Id.* at 6.

But the Court has addressed Taghavi's motions for sanctions under Federal Rules of Civil Procedure 37(b)(2)(A)(ii) and 37(d)(1)(A)(i) and imposed sanctions to prohibit Yes 1 "from presenting testimony or documentary evidence regarding [certain enumerated] topics on which Taghavi has unsuccessfully sought discovery related to his negligence claims" but also ordered that "the Court will not otherwise prohibit Yes 1 from maintaining and presenting its positions – and presenting testimony or documentary evidence – that: … Yes 1 Logistics, LLC denies that it hired, employed, trained, or compensated Enrique LeBlanc Soto or Ignacio Iser or that there was any relationship between Enrique LeBlanc Soto and Yes 1 Logistics, LLC [and that none] of the other Defendants were in the course and scope of employment with Yes 1 Logistics, LLC." Dkt. No. 113 at 27-29.

And Federal Rule of Civil Procedure 56(d) also addresses situations in which "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). But Taghavi

did not file an affidavit or declaration to support a Rule 56(d) request for the Court to "defer considering [Yes 1's summary judgment] motion or deny it; [or] allow time to obtain affidavits or declarations or to take discovery; or [] issue any other appropriate order," FED. R. CIV. P. 56(d)(1)-(3), and did not comply with the Court's order requiring that "[a] motion for continuance under Federal Rule of Civil Procedure 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document," Dkt. No. 62 at 2.

Yes 1's discovery failures therefore do not preclude its seeking summary judgment "[w]hen, as here, [Yes 1 as the] summary judgment movant will not have the burden of proof on a claim at trial," "by pointing the court to the absence of evidence on any essential element of [the nonmovant Taghavi's] claim." *Gandara v. Wal-Mart Its Assumed Name or Common Name Including Wal-Mart Stores Texas L.P.*, No. 3:16-cv-818-D, 2017 WL 1021307, at *1 (N.D. Tex. Mar. 16, 2017). And, once Yes 1, as "the movant does so, the nonmovants must go beyond their pleadings and designate specific facts demonstrating that there is a genuine issue for trial," and the nonmovant's "failure to produce proof as to any essential element of a claim renders all other facts immaterial" because "[s]ummary judgment is mandatory where the nonmovants fails to meet this burden." *Id.*

Yes 1 has pointed in its motion to the absence of evidence to support Taghavi's claims, and so the burden "shifted to [Taghavi] to present evidence that creates a genuine issue of material fact." *Id.* But Taghavi has come forward with no evidence –

or, for that matter, as Yes 1 (and the Court in its sanctions order, *see* Dkt. No. 113 at 23-24) pointed out, pleaded allegations – that there was an employer-employee relationship between Soto and Yes 1 or that Soto was acting in the course and scope of that employment relationship when the collision occurred. And Taghavi has come forward with no evidence that Yes 1 engaged in (and was negligent in) hiring, training, or supervising Soto or maintaining, repairing, or inspecting the truck. And – as to Taghavi's allegations regarding maintaining, repairing, or inspecting the truck – the Court's sanctions order only prohibits Yes 1 from presenting testimony or documentary evidence regarding the actions that Yes 1 Logistics, LLC took on the day of the accident with regard to the trailer and the contents of, safety equipment on, safety tests or inspections of, and maintenance and use of the trailer. *See* Dkt. No. 113 at 27-29.

And, as Yes 1 points out in reply, Taghavi cannot for the first time in response to a summary judgment motion assert, without having previously pleaded, that Yes 1 should be held liable for negligently hiring Y&S Trucking, LLC. *Compare* Dkt. No. 40 at 7-8, *with* Dkt. No. 94 at 7; *see Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

The Court should grant summary judgment to Yes 1 on Taghavi's claims against Yes 1 under the doctrine of respondeat superior and the statutory employer doctrine and Taghavi's claim against Yes 1 for negligent hiring, training or

-14-

supervision or negligently maintaining, repairing, or inspecting the truck.

II. <u>Negligent Entrustment</u>

To establish liability under a negligent entrustment theory, plaintiff must show: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *See Goodyear Tire & Rubber Co. v. Mayer*, 236 S.W.3d 754, 758 (Tex. 2007).

To prevail on his negligent entrustment claim against Yes 1, Taghavi must provide evidence showing that Yes 1 owned the vehicle Soto was driving at the time of the collision; Soto was an unlicensed, incompetent, or reckless driver; Yes 1 knew or should have known Soto was an unlicensed, incompetent, or reckless driver; Soto was negligent when the collision occurred; and Soto's negligence proximately caused the accident.

Yes 1 contends that it is entitled to summary judgment on Taghavi's claim against Yes 1 under a negligent entrustment theory because "there is no allegation or evidence that Yes 1 owned or entrusted the tractor to which its trailer was attached to Soto, or anyone else"; "no evidence that Yes 1 so-entrusted the trailer, as Plaintiff's pleadings contend"; and "no evidence [or allegations] that any historical driver incompetence, recklessness or lack of licensing known to or that should have been known to Yes 1 when the claimed entrustment took place caused or in any way contributed to the Accident or injuries involved it." Dkt. No. 60 at 10 (cleaned up).

Yes 1 has pointed in its motion to the absence of evidence to support Taghavi's claim, and so the burden shifted to Taghavi to present evidence that creates a genuine issue of material fact. But, on this claim, too, Taghavi has come forward with no evidence to support essential elements, including that Yes 1 owned or entrusted the tractor to which its trailer was attached to Soto or that Yes 1 knew or should have known Soto was an unlicensed, incompetent, or reckless driver.

And Yes 1's discovery failures do not preclude summary judgment where the Court's sanctions order does not preclude Yes 1's seeking summary judgment on these grounds. *See* Dkt. No. 113 at 27-29. And, again, as Yes 1 points out in reply, Taghavi cannot for the first time in response to a summary judgment motion assert, without having previously pleaded, that Yes 1 should be held liable for negligently entrusting its trailer with Y&S Trucking, LLC. *Compare* Dkt. No. 40 at 7-8, *with* Dkt. No. 94 at 7; *see Cutrera*, 429 F.3d at 113.

The Court should grant summary judgment to Yes 1 on Taghavi's claim against Yes 1 under a negligent entrustment theory.

## Recommendation

For the reasons explained above, the Court should grant Defendant Yes 1 Logistics, LLC's Motion for Summary Judgment [Dkt. No. 60].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE