IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2557-S-BN |
| | § | |
| ENRIQUE LEBLANC SOTO, TRINITY EXPRESS, IGNACIO ISER, TEAM ISER TRUCKING CORP., YES 1 LOGISTICS LLC, Y&S TRUCKING LLC, ARIAN ROBERTO CARRERA ARCE, AND ALL IN TRUCKING SERVICES INC. | § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 11.

Plaintiff Maghsoud Taghavi has filed motions for default judgment against Defendants Y&S Trucking, LLC, *see* Dkt. No. 124, Enrique Leblanc Soto, *see* Dkt. No. 126, and Ignacio Iser, *see* Dkt. No. 128.

Y&S Trucking, Soto, and Iser have not filed responses.

For the reasons and to the extent explained below, the Court should grant the motions for default judgment and enter default judgments against Y&S Trucking, Soto and Iser.

-1-

## Background

This case arises from a collision between two semi-trucks. Maghsoud Taghavi was driving a Freightliner tractor on Interstate 20. Defendant Enrique Leblanc Soto was following him, driving a Mack tractor and hauling a trailer. Soto's truck slammed into the rear of Taghavi's truck. Soto was travelling at excessive speed when the collision occurred. *See* Dkt. No. 40 at 4-5.

Taghavi sustained serious injuries caused by the collision. *See id.*

Taghavi filed suit in state court. *See* Dkt. No. 2-2. Yes 1 Logistics filed an answer, *see* Dkt. No. 1, then removed the case to this Court based on diversity jurisdiction, *see* Dkt. Nos. 1, 7.

Most of the factual allegations in Taghavi's amended complaint are from the police report prepared after the collision. Taghavi alleges that at the time of the collision Soto was driving the tractor under an employment arrangement with Ignacio Iser and/or Team Iser Trucking; Iser and/or Team Iser Trucking were operating under an agreement with Y&S Trucking, the motor carrier; Ignacio Iser, Team Iser Trucking and/or Y&S Trucking owned the tractor Soto was driving and Y&S Logistics owned the trailer he was hauling; and Soto was operating the vehicle in the furtherance of the businesses of Ignacio Iser, Team Iser Trucking, Y&S Logistics, Inc. and/or Y&S Trucking.

In his amended complaint, Taghavi asserts a negligence claim against Soto. Taghavi claims Ignacio Iser, Team Iser Trucking, Y&S Trucking and Yes 1 Logistics, LLC are vicariously liable for Soto's negligent acts and omissions under the common-

law doctrine of respondeat superior and the statutory employer doctrine. Taghavi also asserts claims against Iser, Team Iser Trucking, Y&S Trucking and Y&S Logistics, Inc. for negligent hiring, training, supervision, and entrustment. *See* Dkt. No. 40.

Taghavi now seeks default judgment against Soto, Iser, and Y&S Trucking.

### Legal Standards

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of

default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers,* 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

*Arch Ins. Co.*, 2013 WL 145502, at *2-*3.

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.* Further, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Lindsey,* 161 F.3d at 893.

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

I.  <u>The Court has subject matter jurisdiction and personal jurisdiction.</u>

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees. Taghavi is a Florida citizen and Yes 1 Logistics, Inc., which filed an answer before the case was removed and is the only defendant who has filed an answer, is incorporated under the laws of Florida and has its principal place of business in Florida. All other defendants are also Florida citizens. *See* Dkt. No. 1 (Notice of Removal); Dkt. No. 2-2 (Original Petition); Dkt. No. 7 (Amended Notice of Removal). Taghavi seeks damages in excess of $75,000. *See* Dkt. No. 2-2.

This court has personal jurisdiction over Enrique Leblanc Soto, Ignacio Iser, and Y&S Trucking. "[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Taghavi alleges that this lawsuit arises out of Enrique Leblanc Soto, Ignacio Iser, and Y&S Trucking's contacts with Texas because the collision occurred in Texas and Soto was driving the trailer with tractor in tow in furtherance of the business of Enrique Leblanc Soto, Ignacio Iser, and/or Y&S Trucking when he collided with Taghavi's semi-truck in Texas.

II.  <u>The procedural requirements for default judgment have been met.</u>

Taghavi has satisfied the procedural prerequisites for default judgment against Enrique Leblanc Soto, Ignacio Iser, and Y&S Trucking.

Enrique Leblanc Soto was served with citation and a copy of the original petition through the Texas Transportation Commission under the long-arm statute for service on nonresident motor vehicle operators. *See* Dkt. No. 7 at 2-3; TEX. CIV. PRAC. & REM. CODE § 17.062. The Texas Department of Transportation certified that it received citation and a copy of the original petition on September 17, 2021, and forwarded a copy by certified mail to Enrique Leblanc Soto in Miami, Florida. *See* Dkt. No. 9; Dkt. No. 75-1 at 4-5. According to the Texas Peace Officer's Report, Soto is not a minor. S*ee* Dkt. No. 75-1 at 7. A Department of Defense Status Report indicates Soto

is not in military service. *See* Dkt. No. 75-1 at 6. There is no evidence in the record to suggest that Soto is an incompetent person.

Ignacio Iser was served via substitute service on December 9, 2021, by leaving the citation and a copy of the original petition at his residence address in Miami Florida. *See* Dkt. No. 8; Dkt. No. 75-1 at 24-28. Taghavi states that a Transunion/TLO search indicates that Iser is not a minor. *See* Dkt. No. 75 at 6 ¶2.14. A Department of Defense Status Report indicates Iser is not in military service. *See* Dkt. No. 75 at 29. There is no evidence in the record to suggest that Iser is an incompetent person.

Y&S Trucking was served with citation and a copy of the original petition under the Texas Long Arm Statute. *See* Dkt. No. 7; Dkt. No. 75-1 at 30; TEX. CIV. PRAC. & REM. CODE § 17.044(b). The Texas Secretary of State certified that it received a copy of the citation and original petition on September 16, 2021, a copy was mailed to Y&S Trucking on September 24, 2021, and as of December 1, 2021, no response had been received. *See id.* Since Team Iser Trucking is a limited liability corporation, it cannot be a minor, incompetent person, or in military service.

Defendants Enrique Leblanc Soto, Ignacio Iser, and Y&S Trucking did not file answers or other responsive pleadings.

The Clerk of Court made entry of default as to Enrique Leblanc Soto, Ignacio Iser, and Y&S Trucking on May 2, 2023. *See* Dkt. No. 105.

III.   Taghavi's pleadings support entry of default judgment.

The Court takes as true the facts asserted by a plaintiff against a defaulting defendant. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). The defendant,

by its default, admits the plaintiff's well-pleaded allegations of fact. *See id.*

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

"Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. (8)(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up)).

A. <u>Taghavi's pleadings support entry of default judgment against Soto.</u>

Taghavi alleges that Soto was negligent.

To succeed on a negligence claim, the plaintiff must show (1) a legal duty owed by one person to another, (2) breach of that duty, and (3) damages proximately caused by the breach. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

Taghavi alleges that Soto was operating a commercial vehicle with trailer in

tow when he slammed into the rear of the commercial vehicle being operated by Taghavi. He further alleges that Soto was driving at an excessive speed, failed to yield the right of way in violation of Texas Transportation Code § 545.153, failed to maintain a proper lookout, failed to control operation of the vehicle, failed to avoid the collision, and operated the vehicle in an unsafe manner. *See* Dkt. No. 40 at 5-6. Taghavi also alleges that he was seriously injured and suffered other damages because of the collision. *See id.*

These allegations support a finding of default judgment against Soto.

B. <u>Taghavi's pleadings support default judgment against Iser.</u>

Taghavi alleges that Iser is liable for Soto's negligence under the doctrine of respondeat superior and the statutory employer doctrine. He also asserts claims against Iser for negligent hiring, training, supervision and entrustment. Taghavi's pleadings support default judgment against Iser on the respondeat superior claim but not the other claims.

1. <u>Respondeat Superior</u>

The common-law doctrine of respondeat superior holds one person vicariously liable for the acts of another based solely on the relationship between them. *See Painter v. Amerimex Driling I, Ltd.*, 561 S.W.3d 125, 130-31 (Tex. 2018). Under the respondeat superior doctrine, "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

"Proving an employer's vicarious liability for a worker's negligent driving ...

involves a two-step process." *Painter*, 561 S.W.3d at 138. The plaintiff has the burden of showing, at the time of the alleged conduct, that the worker (1) was an employee and (2) was acting within the course and scope of his employment. *See id.*

Taghavi alleges that Soto was Iser's employee and he was acting in the course and scope of his employment when the collision occurred. Those allegations are sufficient to support default judgment against Iser on the respondeat superior claim.

### 2. Statutory Employer

Alternatively, a motor carrier is vicariously liable for the negligence of its statutory employees. *See Hernandez v. Union Pac. R. R. Co.*, No. EP-17-7-FM, 2018 WL 4169328, at *3 (W.D. Tex. June 13, 2018) (citing *Gonzalez v. Ramirez*, 463 S.W.3d 499, 503 (Tex. 2015)). A driver is deemed the "statutory employee of the carrier, and through this constructive employment relationship, the carrier may be held vicariously liable for the negligence of its 'employee' the driver." *Id*. (quoting *Sharpless v. Sim*, 209 S.W.3d 825, 829 (Tex. App. – Dallas 2006, pet. denied)). A carrier is deemed the statutory employer of the driver when three conditions are met: (1) the motor carrier does not own the vehicle involved in the incident; (2) the carrier operates the vehicle under an arrangement with the owner to provide transportation subject to federal regulations; and (3) the motor carrier does not literally employ the driver. *See id*.

Since Iser is an individual and not a motor carrier, Taghavi's claims are not sufficient to support default judgment against Iser on this claim.

### 3. Negligent hiring, training, supervision and entrustment

To prevail on a claim for negligent hiring or supervision, the plaintiff must "establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff." *Noviello v. Holloway Funding Grp.*, No. 3:22-cv-52-BN, 2023 WL 128395, at *8 (N.D. Tex. Jan. 9, 2023) (quoting *Williams v. Hous. Corp. of Greater Houston*, No. CV H-14-2309, 2016 WL 5795136, at *11 (S.D. Tex. Sept. 16, 2016)). Direct causes of action asserting negligent hiring, training, and supervision are based on the employer's own negligent conduct and not the employee's negligent conduct. *See Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009). To prevail on claims for negligent inspection, repair, and maintenance, a plaintiff must establish the elements of a standard negligence claim: duty, breach, causation, and damages. And, so, in an automobile collision case, a plaintiff must prove the defendant had a duty to maintain, repair or inspect the vehicle involved in the accident, it breached the duty and its failure to maintain, repair or inspect the vehicle resulted in or contributed to the accident. *See Perez v. Boecken*, No. SA-19-CV-000375-XR, 2020 WL 3452990, at *3 (W.D. Tex. June 23, 2020).

To establish liability under a negligent entrustment theory, plaintiff must show: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *See*

-11-

*Goodyear Tire & Rubber Co. v. Mayer*, 236 S.W.3d 754, 758 (Tex. 2007).

Taghavi alleges that Iser negligently hired or retained Soto, who he knew or should have known was a reckless or incompetent driver; entrusted a vehicle to Soto, who he knew or should have known was a reckless or incompetent driver; failed to properly investigate Soto's driving and employment history; failed to properly train Soto; failed to properly supervise Soto's driving activities; failed to maintain the vehicle involved in the collision in proper working order; failed to properly repair the vehicle involved in the collision; and failed to properly inspect the vehicle involved in the collision. *See* Dkt. No. 40 at 7.

Since there are no factual allegations to support these alleged acts of negligence, Taghavi's allegations concerning alleged negligent hiring, training, supervision, and entrustment are too conclusory to support default judgment against Iser on those claims.

### C. Taghavi's pleadings support default judgment against Yes 1 Trucking.

Taghavi alleges that Y&S Trucking is liable for Soto's negligence under the doctrine of respondeat superior and the statutory employer doctrine. He also asserts claims against Y&S Trucking for negligent hiring, training, supervision and entrustment. Taghavi's pleadings support default judgment against Y&S Trucking under the respondeat superior and statutory employer doctrines, but not for negligent hiring, training, supervision or entrustment.

#### 1. Respondeat Superior

Taghavi alleges that Soto was Y&S Trucking's employee and he was acting in

-12-

the course and scope of his employment when the collision occurred. Those allegations are sufficient to support default judgment against Y&S Trucking on the respondeat superior claim.

### 2. Statutory Employer

Taghavi alleges Y&S Trucking was the motor carrier for the vehicle Soto was driving at the time of the collision and the vehicle was being operated under the authority of Y&S Trucking. Taghavi also alleges that Soto was employed by Iser. These allegations are sufficient to support default judgment against Y&S Trucking on the statutory employer claim.

### 3. Negligent hiring, training, supervision and entrustment

Taghavi asserts the same list of negligent hiring, training, supervision and entrustment allegations against Y&S Trucking that he asserted against Iser. Again, since Taghavi fails to provide any factual support for these allegations, they do not support default judgment against Y&S Trucking on the negligent hiring, training, supervision and entrustment claims.

IV. Consideration of other factors supports default judgment against Soto, Iser, and Y&S Trucking.

The Court also considers other relevant factors, including "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's

motion." *Arch Ins. Co.,* 2013 WL 145502, at *3 (citing *Lindsey,* 161 F.3d at 893). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

Although default judgment is a harsh remedy, Soto's, Iser's and Y&S Trucking's failures to answer Taghavi's amended complaint support default judgment. There has not been substantial prejudice against Soto, Iser or Y&S Trucking, but there would be substantial prejudice to Taghavi if the Court does not grant default judgment. There are clearly established grounds for default: Soto, Iser and Y&S Trucking failed to answer Taghavi's amended complaint. There is no indication that Soto's, Iser's or Y&S Trucking's default was caused by good faith mistake or excusable neglect. And so the court would not feel obligated to set aside a default on Taghavi's motion.

V.     Damages

The allegations in Taghavi's negligence claim against Soto, respondeat superior claim against Iser and respondeat superior and statutory employer claims against Y&S Trucking, taken as true, entitle Taghavi to damages.

The Court held a hearing on Taghavi's damages because his damages cannot be determined with certainty by reference to the pleadings and supporting documents. *See United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979).

Taghavi's testimony, which was supported by medical records, shows that he was care-flighted from the scene of the collision for facial trauma and a broken nose. He also suffered severe injuries to his right leg and ankle because of the collision. He had a right total knee arthroplasty and right knee synovectomy. He is now unable to

-14-

work because of the injuries that he sustained and has been unable to work and continue his career as an independent truck driver since the date of the collision.

Taghvi proved up the following damages:

- $212,807.03      Medical expenses
- $150,558.00      Loss of past earning capacity
- $182,652.00      Loss of future earning capacity
- $200,000.00      Past physical pain and suffering
- $200,000.00      Future physical pain and suffering
- $200,000.00      Past physical impairment
- $200,000.00      Future physical impairment
- $200,000.00      Past mental anguish
- $200,000.00      Future mental anguish

The undersigned finds, based on Plaintiff's Exhibits 1 through 37 admitted at the hearing and Taghavi's testimony, that Taghavi's total damages, as broken out above, are $1,746,017.03.

**Recommendation**

The Court should grant Plaintiff's Renewed Motion for Default Judgment against Y&S Trucking, LLC [Dkt. No. 124], Plaintiff's Renewed Motion for Default Judgment Against Enrique Leblanc Soto [Dkt. No. 126], and Plaintiff's Renewed Motion for Default Judgment Against Ignacio Iser [Dkt. No. 128] and award Maghsoud Taghavi $1,746,017.03 in damages, jointly and severally, against Defendants Enrique Leblanc Soto, Ignacio Iser, and Y&S Trucking, LLC.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE