IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGHSOUD TAGHAVI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2557-S-BN |
| | § | |
| ENRIQUE LEBLANC SOTO, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

The Court entered a final judgment on September 13, 2024 that granted (or granted in part) Plaintiff Maghsoud Taghavi's motions (or renewed motions) for default judgment against Defendants Enrique Leblanc, Y&S Trucking ("Y&S"), and Ignacio Iser (collectively "Defendants"); entered default judgment as to the respondeat superior claim against Iser and the respondeat superior and statutory employer claims against Y&S; and awarded Tgahavi $1,746,017.03 in damages, jointly and severally, against Defendants. *See* Dkt. Nos. 135-38; *Taghavi v. Soto*, No. 3:21-cv-2557-S-BN, 2024 WL 4191731 (N.D. Tex. Aug. 21, 2024), *rec. accepted*, 2024 WL 4194326 (N.D. Tex. Sept. 13, 2024).

More recently, Taghavi moved the Court to enter an order under Federal Rule of Civil Procedure 64 and Section 31.002 of the Texas Civil Practice and Remedies Code ("CPRC") to turn over to Taghavi Defendants' causes of action against their liability insurer, Brooklyn Specialty Insurance Company Risk Retention Group, Inc. ("Brooklyn"). *See* Dkt. Nos. 138-41; *see, e.g.*, Dkt. No. 140 at 4-5 ("Plaintiff prays that

this Court turn over and award to Plaintiff all rights and title to Defendants' causes of action including those causes of action for failure to defend the suit, breach of *Stowers* doctrine, breach of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and any other applicable cause of action against Brooklyn Specialty Insurance Company Risk Retention Group, Inc., its principals, agents, representatives, subsidiaries, parents, assigns, successors, and any affiliated or associated entities of whatever kind."); *cf. Cloud Network Tech. USA Inc. v. RRK Trucking, Inc.*, No. 1:23-cv-28-H-BU, 2024 WL 3451535, at *1 n.2 (N.D. Tex. June 11, 2024) ("Under the doctrine established in *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929), an insured can sue his insurer for negligently failing to settle a third party's claim against the insured. *Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489, 491 (Tex. 1998). Texas Insurance Code § 541.060(a)(2)(A) is similar, and the Texas Supreme Court has determined that the duty imposed by the Insurance Code is the functional equivalent of the *Stowers* duty. *See Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 77 S.W.3d 253, 262 (Tex. 2002)."), *rec. accepted & adopted*, 2024 WL 3862451 (N.D. Tex. Aug. 19, 2024).

Granting Taghavi's motion, *see* Dkt. No. 142, the Court held a hearing on his application for a turnover order on June 4, 2025, *see* Dkt. Nos. 143 & 144.

And, because "a district court may refer post-judgment matters to a magistrate judge under the 'additional duties' provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making," *Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) (citation omitted); *cf. United States*

*v. Bolivar-Munoz*, 313 F.3d 253, 256 (5th Cir. 2002), the undersigned recommends that the Court grant the application for a turnover order for the reasons set out below.

## Discussion

Rule 64(a) "provides that, '[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.'" *Rock Island Auction Co. v. Dean*, No. 3:23-cv-2642-S-BN, 2023 WL 9503455, at *5 (N.D. Tex. Dec. 6, 2023) (quoting FED. R. CIV. P. 64(a)).

So, under Rule 64, "[t]he manner in which property is seized depends upon state law." *Harris v. Nat'l Seal Co. Enhanced Severance Pay Plan*, Civ. A. No. H-03-4499, 2007 WL 1643225, at *3 (S.D. Tex. June 4, 2007).

And Section 31.002 of the CPRC is "[t]he Texas statute governing turnover." *Id.*

> This statute is a "procedural mechanism that gives Texas courts the power to satisfy a judgment by reaching the assets of a judgment debtor that cannot be attached or levied by ordinary legal process." *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 322 (5th Cir. 2006). Section 31.002 provides:
>> A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that
>> (1) cannot readily be attached or levied on by ordinary legal process; and
>> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.
> TEX. CIV. PRAC. & REM. CODE § 31.002.

*Harris*, 2007 WL 1643225, at *3.

And courts in this district have issued turnover orders to effectuate default

judgments by transferring a judgment debtor's interest in legal claims to a prevailing plaintiff. *See, e.g., O'Donnell v. Avis Rent A Car Sys. LLC*, No. 3:19-cv-2687-S-BK, 2022 WL 962513, at *1 (N.D. Tex. Mar. 11, 2022) (recounting prior related litigation: "While driving the vehicle, Zavala Diaz collided with the car in which Plaintiff was a passenger, causing Plaintiff serious injuries…. Plaintiff sued Zavala Diaz and others in state court for the damages he suffered …. The case was removed to this Court," which "entered a default judgment in Plaintiff's favor against Zavala Diaz and awarded Plaintiff damages of $2 million plus interest. Plaintiff then filed an application for a turnover order pursuant to [CPRC] § 31.0023. [And] the Court entered the turnover order, transferring to Plaintiff 'any and all interest in legal claims' Zavala Diaz may have against any party arising out of the car accident and closed the case." (citation omitted)), *rec. accepted*, 2022 WL 954338 (N.D. Tex. Mar. 30, 2022).

"The purpose of the turnover proceeding is merely to ascertain whether or not an asset is in the possession of the judgment debtor or subject to the debtor's control.... Texas courts do not apply the turnover statute to non-judgment debtors." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991) (citations omitted).

And, so, "[t]he Texas turnover statute may be used only to reach 'assets of parties to the judgment, not the assets of non-judgment third parties,'" because "'[a] turnover order that issues against a non-party for property not subject to the control of the judgment debtor completely bypasses our system of affording due process.'" *Harris*, 2007 WL 1643225, at *3 (quoting *Bollore*, 448 F.3d at 322); *see also Bollore*,

448 F.3d at 323 ("[L]imitations on the reach of the turnover statute – that it applies only to judgment debtors and that it may not be used to adjudicate substantive rights – ultimately spring from due process concerns consistent with those that underlie the requirement of personal jurisdiction; i.e., they prevent 'the original trial court [from] reach[ing] out and assum[ing] jurisdiction for trial purposes of potential lawsuits involving third parties.'" (quoting *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783–84 (Tex. App. – Houston [14th Dist.] 1992, orig. proceeding))); *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 583 n.34 (Tex. 2018) ("[B]ecause the turnover statute does not authorize courts to decide the parties' substantive rights, 'the trial court had no discretion to skip the trial on the merits ... and declare a party the winner.'" (cleaned up; quoting *Woody K. Lesikar Special Tr. v. Moon*, No. 14-10-00119-CV, 2011 WL 3447491, at *6 (Tex. App. – Houston [14th Dist.] Aug. 9, 2011, pet. denied))).

Taghavi's motion represents the proper use of the turnover statute.

That is, he does not skirt limitations on the statute to the extent that he seeks an order awarding to him all rights and title to Defendants' causes of action against Brooklyn and does not seek a turnover order against Brooklyn, a third party to the judgment, or attempt to litigate any claims against Brooklyn in this lawsuit. *Cf. In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13-14-00231-CV, 2014 WL 4795923, at *6 (Tex. App.– Corpus Christi Sept. 25, 2014, orig. proceeding) ("conclud[ing] that the trial court abused its discretion in entering the turnover order against Old American, [an insurer,] as a third party to that judgment, and allowing the litigation to proceed

against Old American in that same cause," where "[t]he turnover statute does not create a right for [a plaintiff] to initiate and incorporate in the turnover proceedings an entirely different lawsuit against Old American, a third party who is not part of the original judgment," because, "[a]s a purely procedural device, the turnover statute may not be used to determine Old American's substantive rights," and, "[s]tated otherwise, the trial court had no power to issue an order that imposed obligations in addition to those reflected in that judgment" (citations omitted)).

And another court in this district recently granted turnover relief like the relief that Taghavi now seeks:

> Cloud[, the plaintiff,] asks the Court to turnover potential causes of action RRK[, the judgment debtor,] might have against United Specialty[, its insurance carrier]. Cloud has demonstrated that RRK owns the causes of action here because, as a general matter, it is the insured that owns a *Stowers* claim. *See Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 354-55 (5th Cir. 2023). With this, the burden now shifts to RRK to show that the causes of action are exempt from attachment. *Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656 (Tex. App. – Dallas 2010, pet. denied).
> Causes of action are considered property and may be attached via a turnover order. *Associated Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App. – Waco 1992, no pet.) (collecting cases). But this is not always the case for causes of action under *Stowers* and § 541.060(a)(2)(A). For these causes of action, courts have refused to provide turnover relief when an insured has provided affirmative evidence that they were satisfied with their insurer's representation. *E.g., Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex. App. – Corpus Christi 1994, writ denied). But when there is no evidence that an insured is satisfied, or there is evidence that they are dissatisfied, Texas courts have turned over *Stowers* claims to a judgment creditor. *E.g., D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857-58 (Tex. App. – Fort Worth 2013, no pet.).
> Put another way, a judgment debtor's *Stowers* claim against their insurer may be attached and turned over to a judgment creditor unless the debtor has provided evidence that they were satisfied with their insurer. Here, RRK has not responded to Cloud's Motion. Moreover, the

> undersigned finds no evidence otherwise signaling RRK's satisfaction with United Specialty. Thus, RRK has not demonstrated that the causes of action sought by Cloud are exempt from attachment.

*Cloud Network*, 2024 WL 3451535, at *2 (citation modified).

Where Defendants have not responded to Taghavi's motion for a turnover order, and where there is no evidence in the record signaling their satisfaction with their insurer, Brooklyn, the analysis in *Cloud Network* applies equally here to allow Taghavi to obtain the turnover order as requested.

## Recommendation

The Court should grant Plaintiff Maghsoud Taghavi's motion under Federal Rule of Civil Procedure 64 and Section 31.002 of the Texas Civil Practice and Remedies Code for a turnover over awarding to him all rights and title to Defendants Enrique Leblanc, Y&S Trucking, and Ignacio Iser's causes of action against Brooklyn Specialty Insurance Company Risk Retention Group, Inc. ("Brooklyn"), its subsidiaries, and any entity having an ownership stake of at least 51% in Brooklyn.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 4, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE